### 55467. REED v. THE STATE.

DEEN, Presiding Judge.
Joe Lee Reed was indicted, tried and convicted on two counts of aggravated assault. On appeal, he contends that the trial court erred in overruling his objections to remarks made by the victim concerning whether the child of the parties witnessed the crime for which he was tried, and that the trial court erred in overruling his objections to the victim's testimony concerning her conversation with the minor child of the victim and appellant as to why the state was not calling the eleven-year-old child as a witness in the case.

1. An examination of the record reveals that

appellant objected to Mrs. Reed's testimony that her daughter was in the doorway when her husband stabbed her because no proper foundation had been laid to show that she knew where anybody was at the time. After the objection was overruled, no other objection was made and counsel did not take exception to the court's ruling. This objection was therefore waived.

2. Mrs. Reed next testified that while her daughter was present in the courthouse she did not wish her to testify because she was a very nervous child, but the child was willing to testify if she could be blindfolded. When asked if the child had shown any effects from having witnessed the stabbing, Mrs. Reed replied: "She is very afraid of her daddy. She loves him, but she is afraid of what he might do." Appellant objected that he did not see the relevancy of this testimony. The court ruled: "You can always explain the absence of a witness. The law says you can explain why a witness is not to testify." Mrs. Reed then resumed her testimony about the crime. At the conclusion of the direct examination, appellant, outside the presence of the jury, made another objection concerning Mrs. Reed's testimony. He contended that since his daughter's name was on the list of witnesses she should be voir dired to test her competency and requested that testimony regarding her absence should be stricken from the record. He further contended that Mrs. Reed's explanation of the child's absence was incorrect and prejudicial since the daughter could not testify because of her age or without his permission. The court ruled that if the child's competency was in issue then the court would make the decision whether or not she could testify, and that as the state did not plan to call the child as a witness, the court would instruct the jurors that the testimony of Mrs. Reed was permitted only for the purpose of explaining the absence of a witness. Counsel made no further objection and the court then instructed the jury: "I instruct you to consider that testimony [of Mrs. Reed's] for the limited purpose of whether or not it explains the absence of the witness or the reason the witness is not called to testify. You shall not consider that testimony for any other purpose . . ." Appellant made no attempt to call the child as a witness in his own behalf.

The trial court did not err in ruling that Mrs. Reed's testimony was admissible only for the purpose of explaining the absence of the child from the courtroom. Evidence that explains conduct is admissible to establish the motive of the mother in not wishing her child to testify and is admissible as an exception to the hearsay rule. Code Ann. § 38-302. "In a criminal case the prosecution is not called upon to produce every eye-witness to the transaction. The burden which the law places upon the prosecution is to establish the defendant's guilt of the crime charged, by competent evidence, beyond a reasonable doubt." *Harper v. State*, 129 Ga. 770, 775 (59 SE 792) (1907). Appellant admits that he received a list of the state's witnesses. As his daughter was present in the courthouse, he could have called her as a witness on his own behalf if he thought that her testimony was relevant. The explanation of her absence from the courtroom was therefore not prejudicial.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED MARCH 1, 1978 — DECIDED MARCH 16, 1978.

*T. V. Mullinax, Drew & Jones, Don M. Jones,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Wallace J. Speed, Assistant District Attorneys,* for appellee.