## 58610. HENNING v. THE STATE.

SOGNIER, Judge.

Henning was convicted in the Superior Court of Columbia County of carrying away a child against the will of the child's parent; two counts of kidnapping; aggravated sodomy, rape, and child molestation.

Shortly after noon on January 27, 1979, Henning picked up three young girls, ages 12, 11 and 2, on the pretext of giving them a ride home from the grocery store. Instead of taking them home, he drove around and

eventually tied the hands of the 12 and 11-year-old girls. Thereafter, while still driving around, he cut the blouse and brassiere straps of the 11-year-old girl, fondled her breasts and put his hands all over her. Eventually Henning stopped the car, removed his trousers and got in the back seat of the car with the 12-year-old girl. Henning cut off the girl's shirt and ripped off her pants. Henning then made the girl commit fellatio on him and thereafter raped her. During the rape the girl was crying and Henning told her to shut up or he would slap her. Henning then got dressed, untied both girls and drove them home. On arrival the 12-year-old girl told her grandmother she had been raped. The girl was taken up to the Eisenhower Medical Center at Fort Gordon and examined. The examination revealed damage to the vaginal area so severe surgery was required. There were also red-lined marks circumscribing both of the 12-year-old girl's wrists.

Henning testified that he took the girls with him against their will, that he did not have the parental consent to take the two-year-old girl and that he raped the 12-year-old girl. He denied fondling the 11-year-old girl, and denied tying the girls' hands.

Appellant enumerates seven errors, four of them relating to the examining doctor's testimony and pictures of the vaginal area used to demonstrate injuries to the victim of the rape. He also contended that all evidence relating to penetration, force and the results thereof should have been excluded pursuant to his motion; that the court erred in failing to give a requested charge as to what force was referred to in the indictment; and in directing the doctor to leave the picture of the vaginal area "on the stand, for the jury."

1. These enumerations are all without merit. As to evidence of force and penetration, these are two essential elements of the offense of rape. Code Ann. § 26-2001. If the state desires to convict a defendant of forcible rape, even though the victim is under 14 years of age, it must prove the element of force by acts of force. *Drake v. State,* 239 Ga. 232, 233-234 (236 SE2d 748) (1977). Thus, it was proper to permit evidence relating to penetration and the amount of force used. Further, the testimony of the doctor corroborated the testimony of the victim and also related

to the amount of force used. Finally, it is noted that this evidence was presented prior to the testimony of Henning, and the burden is on the state to prove its case beyond a reasonable doubt.

2. As to the requested charge by Henning concerning the force referred to in the indictment, such a charge is not applicable in the instant case, as the force used to penetrate the 12-year-old girl was obviously the same force used to commit the rape. A review of the injuries to the vagina of the victim authorized the jury to infer the victim's resistance was overcome by force, as no female would fail to resist the cause of such severe injury. Thus, it was not error to refuse to give the requested instruction.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted October 15, 1979 — Decided February 14, 1980.

*O. L. Collins,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.