## 66004. CLARK v. THE STATE.

CARLEY, Judge.

Appellant was convicted of rape of a five-year-old child. His motion for new trial was denied and he appeals from the judgment of conviction and the sentence imposed.

1. Appellant enumerates the general grounds. Appellant asserts that there was no evidence that the victim was "forcibly" raped and that, indeed, there was no evidence that penetration ever occurred. There was evidence that the child's undergarments were torn, that she had "an abrasion to the right temporal area of the head," and that she had suffered "a tear of the left vulva of the peritoneal area of the body, which is the external genitalia." The evidence of force, while perhaps not as overwhelming as that in *Hill v. State,* 246 Ga. 402, 404 (271 SE2d 802) (1980), was sufficient. See generally *Henning v. State,* 153 Ga. App. 465 (265 SE2d 372) (1980). Likewise, the evidence of penetration was sufficient. See generally *Jackson v. State,* 157 Ga. App. 604 (1) (278 SE2d 5) (1981). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Over appellant's hearsay objection, testimony by the victim's mother was given concerning certain statements incriminatory of appellant which had been related to her by the victim. It is urged that the testimony was not within any hearsay exception and was erroneously admitted into evidence. The testimony was properly admitted under the res gestae exception to the hearsay rule. *Wallace v. State,* 151 Ga. App. 171 (259 SE2d 172) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 21, 1983 —
REHEARING DENIED JULY 1, 1983.

*C. B. King,* for appellant.
*Hobart M. Hind, District Attorney,* for appellee.