66254. HARRIS v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of burglary, aggravated battery, and criminal attempt to commit rape. In his appeal, he enumerates as error the denial of his motion to suppress, the limitation by the trial judge of defense counsel's cross-examination of the victim, and the admission into evidence of the affidavit for search warrant and its subsequent presence in the jury room.

1. The evidence at trial revealed that on June 8, 1981, a black man entered the victim's home in McIntosh County, attempted to sexually assault her, and thereafter struck her head, puncturing her eardrum in the process. Appellant was arrested on June 10, 1981, and held in the Liberty County Jail on an unrelated offense. McIntosh County authorities were notified that a man answering the description of the victim's assailant was being held in Liberty County. The victim was taken to Liberty County to view a lineup where she subsequently identified appellant as her attacker.

Appellant contends that it was error for the trial court to deny his motion to suppress because the victim's identification did not rest upon her independent recollection of her initial encounter with appellant and because he was without the benefit of counsel at the time of the lineup.

The first prong of appellant's argument is inappropriately brought before this court on appeal. It is well established "that appellate courts exist for the correction of trial error, where proper objection is taken. Accordingly, where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial

court, they present nothing for decision. [Cit.]" *Bell v. State,* 144 Ga. App. 692 (1) (242 SE2d 345).

In the present case, at the hearing on his motion to suppress, appellant based his argument in support of his motion solely on his Sixth Amendment right to counsel. Therefore, we are constrained to limit our review of this enumeration to that constitutional theory.

Appellant cites United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), in support of his claim that he had an absolute right to have counsel present at his lineup. However, the Wade case was later modified by Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411), which held that "a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him." Id., p. 688.

It is apparent from the facts of this case that the lineup in question took place prior to indictment and, therefore, prior to the commencement of adversary judicial proceedings against appellant in McIntosh County. See *West v. State,* 229 Ga. 427 (192 SE2d 163); and *Fudge v. State,* 164 Ga. App. 392 (297 SE2d 329). Thus, the denial of appellant's motion to suppress was not error.

2. Appellant also argues that the trial court erred in limiting his counsel's attempt to cross-examine the victim. Appellant's counsel asked the victim, who is white, whether she would have more of a problem identifying a white person or a black person, whereupon the victim replied that she believed she would have more of a problem identifying a black person. Appellant's counsel attempted to have the victim elaborate, but the trial judge interrupted and prevented further questioning on the matter, ruling it irrelevant.

OCGA § 24-9-64 (Code Ann. § 38-1705) provides in part: "The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him . . ." The U. S. Supreme Court has argued that great latitude be allowed in cross-examination because it is "one of the safeguards essential to a fair trial." Alford v. United States, 282 U. S. 687, 692 (51 SC 218, 75 LE 624).

However, the scope of cross-examination is not unlimited. "The extent necessarily must rest largely within the discretion of the trial judge in order to keep the questioning within reasonable bounds. It is error only when this discretionary authority is abused. [Cits.] The extent of cross examination can be curtailed if the inquiry is not relevant nor material. [Cits.]" *Geiger v. State,* 129 Ga. App. 488, 496 (199 SE2d 861).

In the instant case, the trial judge ruled that the line of questioning pursued by appellant's counsel was irrelevant. We agree

with this assessment since the question propounded and the subsequent response served no legitimate end; therefore, the trial judge acted appropriately within his discretion.

3. Finally, appellant asserts that the trial court erred when it allowed, over appellant's objection, a copy of the affidavit that secured the search warrant to be admitted into evidence and thereafter taken into the jury room.

The affidavit for search warrant was labelled "Defendant's Exhibit No. 2," although appellant's attorney claims he never intended it to be admitted into evidence. The search warrant itself was labelled "Defendant's Exhibit No. 1" and was tendered for admission by appellant. Upon review of the trial transcript, it is apparent that Exhibit No. 1 is the *only* exhibit appellant's counsel wanted admitted.

The following exchange took place at trial: "[Defense Counsel]: Yes, sir. I want to tender Exhibit 1, Defendant's Exhibit 1 . . . The Court: All right. Defendant's Exhibit 1, being offered out of turn, is being . . . excuse me, . . . Defendant's Exhibit 2 is it, is it . . . [Defense Counsel]: No sir, *just one.*" (Emphasis supplied.)

Through a misunderstanding, the trial court admitted both of the defendant's exhibits into evidence. Appellant's attorney realized the error after the jury had been charged but before the exhibits were delivered to the jury room. The trial court, however, ruled that both exhibits had been properly admitted and would therefore be taken to the jury room.

The state contends that appellant has waived his right to have the matter reviewed because he failed to object at the time the evidence was admitted. We must disagree because the admission of the affidavit was clearly contrary to appellant's intent, and when appellant's counsel became aware of the court's mistake, he diligently attempted to correct it. The objection, therefore, was not waived.

The state also contends that even if the exhibit was erroneously admitted, the error was harmless since most of the content of the affidavit was already in evidence due to the testimony of the arresting officer. This contention is without merit because, while it is true that most of the information contained in the affidavit was elicited from defense counsel's cross-examination of the arresting officer, there was also in the affidavit the officer's opinion as to the good character and unshakable veracity of the victim. This was not part of the officer's oral testimony at trial; therefore, it was inadmissible hearsay. *Spence v. State,* 96 Ga. App. 19 (3)(c) (99 SE2d 309).

If the character evidence had not existed and *all* the information contained in the affidavit had been elicited by defense counsel, the mistaken admission of the exhibit would indeed have been harmless.

This situation is distinguishable from the facts in *Spence,* supra, Division 3 (b); *Cain v. State,* 113 Ga. App. 477 (5) (148 SE2d 508); and *Morris v. State,* 161 Ga. App. 141 (1) (288 SE2d 102), where the oral testimony was educed by the *state.* In the present case, the testimony was elicited by defense counsel, and therefore he could not object to its admission into evidence if the answers were a "direct and pertinent response to the question propounded." *Rozier v. State,* 126 Ga. App. 336, 337 (190 SE2d 627).

However, the presence in the jury room of the evidence regarding the victim's character which was not at any other time brought before the jury is an error too egregious to ignore. "The danger in allowing such illegal evidence to come before juries is extreme, and this case clearly requires reversal." *Spence v. State,* supra, p. 21.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983 —
REHEARING DENIED SEPTEMBER 27, 1983 — ▮▮▮▮▮▮▮

*John D. Browning,* for appellant.
*Dupont K. Cheney, District Attorney, Claude M. Kicklighter, Jr., Assistant District Attorney,* for appellee.