## 67296. SOSEBEE v. THE STATE.

BANKE, Judge.

David Sosebee appeals following his conviction of one count of aggravated assault on a peace officer and two counts of simple battery. All three charges stemmed from an altercation in the Clayton General Hospital involving appellant and two Clayton County police officers.

Appellant and his wife had been taken to the hospital after an automobile accident. After appellant was treated and released, he remained with his wife, who was injured more seriously than he. As he was assisting his wife to use a bedpan, a staff nurse entered the room and, apparently unaware of his purpose or identity, confronted him. Although the evidence is somewhat conflicting from this point, the nurse and another employee testified that appellant became angry, loud, and abusive and refused the nurse's request that he leave the room. The nurse then left and returned with Officer McCain. Appellant again refused several requests from both the nurse and McCain to leave the room and directed a loud, vulgar rhetoric at both individuals. There was testimony that McCain attempted to arrest appellant for criminal trespass at this point and that appellant struck him several times, whereupon McCain struck appellant with his flashlight. Officer Bennett then entered the room and charged appellant, knocking him to the floor. There was evidence that appellant then obtained a pistol from Bennett's ankle holster and placed it in Bennett's rib cage. Appellant was subsequently disarmed, handcuffed, and placed in a chair but was nevertheless able to arise and kick Bennett, according to Bennett and another witness. *Held:*

1. The appellant contends that he was justified in resisting the arrest because the arrest was illegal and because disproportionate force was used to effectuate it, and he asserts that the trial court accordingly should have granted his motion for a directed verdict as to all offenses. He presents several arguments in support of this contention.

"In resisting an unlawful arrest, one is justified in using force, but only such force as is reasonably necessary to prevent the arrest, i.e., force proportionate to the force being used in the unlawful detention. [Cits.] Thus, an arrestee is never justified in assaulting an arresting officer unless the officer has assaulted him first . . ." *Brooks v. State,* 144 Ga. App. 97, 100 (240 SE2d 593) (1977). The trial court correctly instructed the jury that a person may resist an unlawful arrest by use of reasonable and necessary force and that an assault against an arresting officer is never justified unless the officer assaulted the person first. The trial court further instructed the jury

as to the use of reasonable force by a police officer to effectuate an arrest. Assuming *arguendo* that the arrest was unlawful, there was ample evidence upon which a rational trier of fact could have concluded beyond a reasonable doubt that appellant was not assaulted by the police officers and that the appellant resisted the arrest with disproportionate force. It follows that the jury was entitled to reject his defense of justification and that the trial court did not err in denying his motion for directed verdict. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. Appellant contends that the court erred in admitting evidence that he was intoxicated. This evidence was admissible to show the circumstances of appellant's arrest. Accord, *Hamilton v. State,* 162 Ga. App. 116 (3) (290 SE2d 478) (1982). Furthermore, this evidence was also admissible as part of the *res gestae* of the offenses. See *Clark v. State,* 167 Ga. App. 259 (2) (306 SE2d 60) (1983); *Jimerson v. State,* 163 Ga. App. 54 (1) (293 SE2d 513) (1982).

3. Appellant contends that it was error to exclude a preliminary hearing transcript which he offered to impeach and rebut the testimony of the police officers. Neither officer was questioned as to any prior testimony, and neither was shown the transcript. Rather, appellant attempted to introduce the document through the magistrate who had conducted the hearing. "[A] proper foundation must be laid before previous contradictory statements may be proved against a witness." *Sell v. State,* 156 Ga. App. 333, 335 (274 SE2d 723) (1980). "If the contradictory statements are in writing and in existence, they shall be shown to [the witness] or read in his hearing. To lay this foundation, the witness may be recalled at any time . . ." OCGA § 24-9-83 (Code Ann. § 38-1803). As appellant did not lay a proper foundation, the trial court did not err in refusing to admit the transcript. See *Thompson v. State,* 164 Ga. App. 194 (1) (296 SE2d 771) (1982).

4. Appellant contends that the offense of simple battery against Bennett was included in the offense of aggravated assault on a peace officer. However, there was sufficient evidence to justify a finding that the two offenses were based on separate and distinct conduct. See generally *Talley v. State,* 164 Ga. App. 150 (7) (296 SE2d 173) (1982).

5. Appellant contends that the conviction for aggravated assault on a peace officer must be reversed because the indictment failed to allege the element of knowledge of the official status of the officer. Knowledge is an essential element as to this offense. *Bundren v. State,* 247 Ga. 180 (2) (274 SE2d 455) (1981). However, this issue was not raised either prior to or during the trial. It is essential that an exception to the form of an indictment or accusation be made in

writing by demurrer or motion to quash, on or before pleading to the merits. See *Williams v. State,* 162 Ga. App. 350 (291 SE2d 425) (1982). The indictment as drawn was sufficient to allege the offense of aggravated assault on a peace officer and was not so defective as to be absolutely void. This contention is also without merit.

6. Appellant enumerates as error the failure of the trial court, without request, to charge the jury as to various matters, one being the element of knowledge of the official status of the peace officer.

"[K]nowledge is an essential element to the offense of the aggravated assault of a police officer . . . [and] the jury must be charged that knowledge is an essential element to the crime . . ." *Bundren,* supra, 181-182. The failure of the trial court to instruct the jury as to this element was consequently reversible error. The remaining alleged deficiencies in the jury charge were, however, waived by the appellant's failure to request the instructions at issue. Although a defendant in a criminal case is exempted from the requirements imposed on civil litigants to object to the giving of or failure to give jury instructions (see OCGA § 5-5-24 (Code Ann. § 70-207)), he is not relieved of the necessity of requesting instructions except where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. See *Spear v. State,* 230 Ga. 74 (195 SE2d 397) (1973); *Yeargin v. State,* 164 Ga. App. 835 (8) (298 SE2d 606) (1982). None of the other omissions from the charge enumerated by appellant fall within this category.

7. Appellant's convictions on both counts of simple battery are affirmed. Appellant's conviction of aggravated assault on a peace officer is reversed, and the case is remanded either for a new trial on this count, or, in the alternative, a new conviction and sentence may be entered for the lesser included offense of aggravated assault.

*Judgment affirmed in part and reversed and remanded with direction in part. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 5, 1983 —
REHEARING DENIED DECEMBER 20, 1983 —

*James W. Bradley,* for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney,* for appellee.