### 68509. JORDAN v. THE STATE.
(322 SE2d 106)

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of two counts of child molestation. *Held*:

1. Error is alleged in permitting defendant's eight-year-old daughter, an alleged victim, to testify on the grounds that she was not competent to do so. Defendant argues that because the girl did not understand the nature of an oath, she was not competent to testify.

The competency examination was as follows: "[Assistant District Attorney] Q. [A]re you here today to tell the jury and the judge the truth? A. Yes. Q. Would you tell a lie to hurt your father? A. No. Q. Do you always tell the truth? A. Yes. Q. Why do you do that? A. I don't know. Q. What would happen to you if you told a lie? A. I would be in trouble . . . Q. . . . [A]nd you are going to tell the truth today? A. Yes . . . [By the Court] Q. How old are you . . .? A. Eight. Q. Do you go to school? A. Yes. Q. Do you go to Sunday school? A. No. Q. Do you believe in God? A. Yes. Q. Do you know that you might get punished if you tell something that is not true? A. Yes. Q. Do you know the meaning of an oath? A. No. . . . Q. Well, you know what it means to hold up your hand and say that you're going to tell the truth, don't you? A. Yes . . . The Court: . . . I think that she's qualified."

" 'The court shall, by examination, decide upon the capacity of one alleged to be incompetent from . . . infancy.' Code Ann. § 38-1610 [now OCGA § 24-9-7]. A ten-year-old child is not per se too young to testify. [Cit.] Nor is the mere fact that the child does not know the meaning of the word 'oath' definitive [as to competency]. [Cit.] Where the court, after questioning, is convinced that the child is competent this court will not interfere except for an abuse of discretion. [Cit.]" *Lashley v. State,* 132 Ga. App. 427 (5), 429 (208 SE2d 200).

The competency examination shows that the witness understood the requirement of telling the truth, that she would and was aware there could be consequences if she did not. Her testimony was clear and forthright. The trial court did not abuse its discretion in finding her competent to testify.

In another enumeration related to the testimony of this witness and that of her twelve-year-old cousin, also an alleged victim, error is asserted because the trial court denied defendant's motion in limine to prevent the two girls from testifying as incompetent. As we find no

abuse of discretion by the trial court in finding both witnesses competent to testify, error in denying the motion in limine, if any, was harmless. Compare, *Harley-Davidson Motor Co. v. Daniel*, 149 Ga. App. 120 (1) (253 SE2d 783).

2. Defendant's former sister-in-law and mother of the twelve-year-old victim testified that her daughter told her about the alleged offenses some weeks after they occurred and she called the police. In cross-examination the defense counsel asked the witness whether, during the two to three weeks prior to the alleged offenses, she and her sister, defendant's wife, "went out a few times." The State objected on grounds of relevancy and the defense counsel argued that he was trying to establish that the witness was biased against defendant. The court ruled that the cross-examination should be relevant and show any of the circumstances which existed at the time of the offenses alleged. Defense counsel did not pursue the line of questioning, and now alleges that the trial court refused to permit the cross-examination of the witness to show bias against defendant.

The court's ruling merely directed that the cross-examination be relevant and did not deny defendant the right to show bias of the witness. Defendant did not object to the ruling and abandoned the line of questioning. Under these circumstances there is no merit in the allegation. Compare, *Smith v. State*, 158 Ga. App. 330 (3) (280 SE2d 162); *Reed v. State*, 145 Ga. App. 353 (1) (243 SE2d 710).

In connection with this allegation of error defendant also complains of the trial court's failure to give his requested instructions concerning bias and motivation of the witness. We find no error. Defendant's testimony shows bias on his part against the sister-in-law for breaking up his marriage, but we find no evidence to the contrary. Under these circumstances an instruction on the bias and motivation of a witness would be unsupported by evidence. Moreover, the court's standard charge on credibility of witnesses adequately covered the charges requested.

3. Defendant requested a charge on the credibility of the child witnesses, as follows: "I caution you that the testimony of a minor witness, and the weight and credit given thereto, is a matter within your discretion. Her veracity, her appreciation of the consequences of her statements are all matters for you to consider in determining and giving her testimony any weight and credit at all, and in the final analysis, it is your decision as to what such weight and credit such testimony might be given, if any." The court gave the instruction leaving out the last two words "if any," which is enumerated as error.

As the instruction did tell the jury that such testimony could be completely disregarded by the language "[h]er veracity, her appreciation of the consequences . . . are all matters for you to consider in determining and giving her testimony *any weight and credit at all*,"

the addition of the words "if any" as to the weight and credit to be given, is mere repetition. We find no error in omitting such redundancies.

4. During the course of argument concerning whether the defense cross-examination of the sister-in-law was relevant (Division 2, supra), the prosecuting attorney stated that defense counsel was "creating the impression from some say-out (sic) reason it gave [defendant] the right to attack the two little girls." Whereupon defense counsel said: "I would object to that." The court made no ruling on the objection, nor was any further action taken by the defense. Defendant now enumerates error because the court failed to instruct the jury concerning an inflammatory and prejudicial remark.

Pretermitting whether the remark was prejudicial, we find no error. " ' "A mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury." [Cit.]' [Cit.]" *Carroll v. State*, 147 Ga. App. 332 (7), 335 (248 SE2d 702).

5. The remaining enumeration, that the prosecuting attorney was allowed over a relevancy objection to question defendant's sister-in-law concerning conversations they had had about sex, is without merit. *Croom v. State*, 165 Ga. App. 676 (3) (302 SE2d 598).

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 13, 1984.

*Robert D. Goldsmith*, for appellant.
*Hobart M. Hind, District Attorney, John W. Hogg, Assistant District Attorney*, for appellee.