## 69276. JENKINS v. THE STATE.
(327 SE2d 817)

BEASLEY, Judge.

Defendant appeals his conviction for aggravated assault with intent to commit rape. *Held*:

1. When the victim was being cross-examined by defense counsel, he ascertained what her external clothing was at the time of the alleged offense. He then asked if she had on "anything under that." Upon prosecution objection to the question that there was no evidence of enticement and the defense contending that there may have been some enticement, the trial court stated that if the defense could show some overt acts of enticement he would permit the question; but until such acts were shown, the objection was sustained. After the victim's testimony concluded, the defense counsel stated he might want to call her back. Defendant then testified denying commission of the offense and gave no evidence of any acts of enticement. Defense counsel made no attempt to recall the victim for further cross-examina-

tion. Defendant now claims he was denied the right to a thorough and sifting cross-examination.

"[T]he scope of cross-examination is not unlimited. 'The extent necessarily must rest largely within the discretion of the trial judge in order to keep the questioning within reasonable grounds. It is error only when this discretionary authority is abused. [Cits.] The extent of cross-examination can be curtailed if the inquiry is not relevant nor material. [Cits.]'" *Harris v. State*, 168 Ga. App. 159 (2), 160 (308 SE2d 406) (1983).

In the instant case, the court's limitation of cross-examination was conditioned on a showing of the relevancy of the question with opportunity to re-ask the question if relevancy was shown. No relevancy was demonstrated and the trial court did not abuse its discretion.

2. The trial court charged the jury on the elements of the offense of aggravated assault with intent to rape and on the elements of the lesser included offense of simple battery, and then set forth the three possible verdict forms of guilty of aggravated assault, guilty of simple battery or not guilty. After a short period of deliberation, the jury returned to the courtroom with a question, as follows: "Foreman: We would like you to reread and clarify, if you could so we we're a little bit clearer in our minds, exactly the charges and how the charges — what you read at the end, the last section when you were charging us. The Court: The forms of verdict that you can return, is that what you are talking about? Foreman: What they actually mean and so forth, a little clarification on that. The Court: All right. I don't know that I can clarify it much more than what it already is — Foreman: Well, just go over it one more time so we can hear it again. The Court: I'll do that and then if you still have a question or questions in your mind, then you can ask me at that time."

The trial court then reread the verdict form instructions for guilty of aggravated assault with intent to rape (including the elements, which had been part of the original charge on verdict form), the verdict form for guilty of simple battery (not including the elements, which had not been part of the original charge on verdict form but were part of the definitional charge immediately preceding it), its elements and the verdict form for acquittal. The court then asked if the recharge answered the jury's question and the foreman stated that it was clear to him but he would have to find out if it was clear to the other jurors. The court then sent the jury back into deliberations to see if the recharge answered their question, instructed them to let the bailiff know if it did not and if so he would give them further instructions. The jury did not ask for further instruction and proceeded to verdict. Defendant asserts the trial court erred in not recharging the elements of aggravated assault with intent to rape and

of simple battery, which is what defendant claims the jury asked for.

As was apparent to the trial court and is to this court, the jury was asking for a restatement of the various possible verdict forms. The jury was apparently satisfied with the recharge and asked for no further explanations. We find no error.

"Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry. [Cits.] It is within the court's discretion to recharge the jury in full or only upon the point or points requested. [Cit.]" *Williams v. State*, 151 Ga. App. 765, 766 (261 SE2d 487) (1979).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 7, 1985.

*Reginald C. Wisenbaker*, for appellant.

*H. Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.