## 69784. SAMUELS v. THE STATE.
(331 SE2d 62)

BENHAM, Judge.

Appellant was convicted of burglary after a jury trial. On appeal he contests the sufficiency of the evidence against him and the undue restriction of his right to cross-examine one of the State's witnesses. We find no merit in appellant's enumerations of error and affirm the conviction.

1. The evidence adduced at trial showed that several items, including sweaters, pieces of jewelry, and a tennis bag, were taken from the victims' ground floor apartment. There were no signs of forced

entry; the screen on the bedroom window had been removed and the window was unlocked. A few days before the burglary was discovered, a neighbor observed appellant apparently trying to see inside the victims' apartment. Later that day, the neighbor saw appellant trimming the hedges near the bedroom window. After appellant was arrested, he admitted his presence at the apartment grounds on the day in question and said that after he removed the screen, he entered the apartment through the unlocked window and took the missing items. He then recanted and said that he did not enter the apartment but found the bag and its contents by the dumpster on the grounds. Appellant knew where the various items were located and assisted in their recovery. Viewing the evidence in the light most favorable to the State (*Gibbs v. State*, 157 Ga. App. 530 (278 SE2d 111) (1981)), the evidence authorized any rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. OCGA § 16-7-1; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the trial court's refusal to allow his counsel to continue questioning the arresting officer about his knowledge of a police practice of promising to lower defendants' bonds in exchange for their statements. Appellant's counsel stated at trial that he asked the question "And that is fairly commonly done, is it not?" to establish why the police department does not make tapes of conversations with defendants. The officer had already testified that he made no threats or promises to appellant and that taping defendants' statements was not part of police policy.

Although OCGA § 24-9-64 gives appellant the right of a thorough and sifting cross-examination of the State's witnesses, that right is not an unlimited one. The trial court can exercise its discretion in keeping the questioning within reasonable bounds and in curtailing it if the inquiry is not relevant or material. We find no abuse of discretion in the trial court's ruling that the question was immaterial. *Harris v. State*, 168 Ga. App. 159 (2) (308 SE2d 406) (1983).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 1, 1985.

*Elaine Marett Gordon*, for appellant.
*Robert E. Wilson, District Attorney, J. Michael McDaniel, Robert E. Statham III, Assistant District Attorneys*, for appellee.