69901. GRIFFIN v. THE STATE.
(332 SE2d 886)

BENHAM, Judge.

Appellant was convicted by a jury of aggravated assault and possession of a firearm by a convicted felon. In his appeal he raises four

enumerations of error. We reverse.

1. Appellant first contends that his motion to suppress identification testimony should have been granted because the pictorial identification process was impermissibly suggestive. To evaluate the validity of his assertion, we must apply the test set forth in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), i.e., "whether under 'the totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive . . . [T]he factors to be considered in evaluating the likelihood of misidentification include [1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation." *Heyward v. State*, 236 Ga. 526, 528 (224 SE2d 383) (1976).

Our review of the record shows that the witness/victim viewed appellant on two occasions in bright light; the victim's attention was focused on appellant as they were standing face to face with no other distractions in the immediate vicinity; the general description the victim previously gave of his assailant matched appellant's appearance; the victim was very certain in his identification; and less than one week elapsed between the assault and the pictorial lineup. Under those circumstances, appellant was not deprived of a fair trial by the identification procedures, nor did the trial court err in overruling the motion to suppress. *Heyward*, supra; *Barron v. State*, 157 Ga. App. 186 (1) (276 SE2d 868) (1981).

2. However, the trial court did err in denying appellant's motion for severance of the two offenses for which he was tried. Under *Head v. State*, 253 Ga. 429 (3a) (322 SE2d 228) (1984), the trial should have been bifurcated, so that the jury could determine appellant's guilt or innocence of the aggravated assault charge without the possibility of being influenced by evidence of appellant's prior felony conviction. Since the evidence of appellant's guilt was not overwhelming, the trial court's failure to sever was reversible error. Compare *Stone v. State*, 253 Ga. 433 (321 SE2d 723) (1984).

3. Appellant also enumerates as error the trial court's refusal to require the State's compliance with appellant's *Brady* motion relating to the statement made by the co-defendant who testified against appellant at trial. "[A]t least a preliminary showing of prejudice must be shown by denial of the requested material and . . . materiality or favorability must be met before a denial by the trial court of the requested items amounts to a violation of due process. [Cits.] . . . From our examination of the evidence, it is clear from the testimony of the [witness] here involved that any statements . . . or summaries of statements [made by him] would be inculpatory and not exculpatory

and in nowise impeaching in character . . . Accordingly, there is no merit in this complaint. [Cits.]" *Odum v. State*, 156 Ga. App. 119 (1) (274 SE2d 117) (1980).

4. Appellant's final enumeration of error is the trial court's refusal to allow appellant to cross-examine the co-defendant about his 1983 gross and net income. The record indicates that this line of inquiry was irrelevant and immaterial; thus the trial court did not abuse its discretion in curtailing the inquiry. *Harris v. State*, 168 Ga. App. 159 (2) (308 SE2d 406) (1983).

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 30, 1985.

*G. Richard Chamberlin*, for appellant.
*E. Byron Smith, District Attorney*, for appellee.