## 71620. STONE v. THE STATE.
### (341 SE2d 280)

BANKE, Chief Judge.

The appellant was indicted for murder and aggravated assault following a shooting incident which occurred outside a bar in Doraville, Georgia. This appeal follows his conviction of voluntary manslaughter. *Held*:

1. The appellant initially contends that the trial court erred by conducting in his absence a colloquy with counsel for the state and the defense concerning a prior defense request for the production of certain photographs and records. Apparently, no one noticed that the appellant was absent during this colloquy. The transcript reveals that he entered the courtroom while the discussion was in progress.

There have been numerous instances wherein a defendant's absence at various stages of the proceedings has resulted in the reversal of his conviction on appeal. See generally *Gilreath v. State*, 247 Ga. 814, 824 (279 SE2d 650) (1981), citing such cases as *Chance v. State*, 156 Ga. 428 (1) (119 SE 303) (1923) (jury allowed to view evidence outside courthouse in defendant's absence); *Wade v. State*, 12 Ga. 25 (1852) (rereading of testimony allowed in defendant's absence); *Wilson v. State*, 212 Ga. 73 (90 SE2d 557) (1955) (argument of counsel in defendant's absence); *Wilson v. State*, 87 Ga. 583 (13 SE 566) (1891)

(jury recharged in defendant's absence); *Seay v. State*, 111 Ga. App. 22 (3) (140 SE2d 283) (1965) (discussion between trial judge and jury during defendant's absence); *Lyons v. State*, 7 Ga. App. 50 (66 SE 149) (1909) (verdict received in defendant's absence).

In the case before us, the colloquy was an extremely brief, informal one which took place prior to jury selection and which invoked no ruling by the trial court. We hold that this was not a "critical stage of the proceedings" at which the accused had an absolute right to be present. Accord *Gilreath v. State*, 247 Ga. 814, 824, supra. Accordingly, since no harm was shown to have resulted to the defendant as a result of his absence during the colloquy, this enumeration of error is without merit.

2. The appellant contends that he was denied his constitutional right to a speedy trial. The appellant was arrested on March 12, 1984, the date of the alleged offenses, and was indicted on May 14, 1984. At a hearing held on May 31, 1984, the state proposed that the case be tried on June 25, 1984; however, appellant's counsel indicated that he could not be ready for trial that week. The case was tried on September 25, some four and a half months after the indictment was returned. These circumstances establish no violation of the appellant's constitutional right to a speedy trial. The appellant's reliance on *Lett v. State*, 164 Ga. App. 584 (298 SE2d 541) (1982), is misplaced in that the delay involved there was seven and a half years.

3. The appellant enumerates as error the refusal of the trial court to excuse for cause a juror who had stated that he would be inclined to give more credence to a police officer's testimony than to the testimony of other witnesses. As appellant did not exhaust his peremptory challenges, this enumeration of error establishes no ground for reversal. See *Bradham v. State*, 243 Ga. 638 (256 SE2d 331) (1979).

4. The appellant complains that he was improperly denied the opportunity to cross-examine the county medical examiner concerning the presence of certain needle puncture marks on the victim's body. The transcript of the examination of this witness shows only that, after establishing that there were such marks, the state's attorney requested permission to approach the bench and that, after an unrecorded discussion between court and counsel, no further questions concerning the marks were posed to the witness. Appellant's counsel did not object to any limitation of his right of cross-examination with respect to this witness until the following day, at which time the court stated for the record that its ruling the previous day had been that counsel would not be allowed to cross-examine the witness on the issue of the needle marks without first establishing either that the victim had drugs in his system at the time of his death or that the marks were recent.

"[T]he scope of cross-examination is not unlimited. 'The extent necessarily must rest largely within the discretion of the trial judge in order to keep the questioning within reasonable bounds. It is error only when this discretionary authority is abused. [Cits.]' " *Harris v. State*, 168 Ga. App. 159 (2) (308 SE2d 406) (1983). In the present case, the trial court ruled, in effect, that the appellant could not cross-examine the witness on the issue of the needle marks without showing the relevancy of this line of questioning, i.e., what he hoped to prove by it. As he failed to make such a showing, we find no abuse of discretion by the trial court. Accord *Jenkins v. State*, 173 Ga. App. 699 (1) (327 SE2d 817) (1985). In so ruling, however, we specifically disclaim any reliance on the holding in Division 1 of *Reed v. State*, 145 Ga. App. 353 (1) (243 SE2d 710) (1978), cited by the state, to the effect that the failure to take exception to an adverse ruling by the trial court on an objection or to repeat the objection following such a ruling constitutes a waiver of the objection. There is, of course, no longer any requirement in Georgia that counsel except to an adverse ruling by the trial court in order to preserve the issue for appeal. See generally OCGA § 9-11-46; *Richards v. State*, 131 Ga. App. 362 (4) (206 SE2d 93) (1974). Consequently, Division 1 of *Reed v. State*, supra, is overruled.

5. The trial court did not err in allowing testimony concerning a prior altercation between the appellant and the victim. "On a trial for murder, evidence of recent prior difficulties between the defendant and the deceased is admissible as shedding light on the state of feelings between [them] and showing motive." *Boling v. State*, 244 Ga. 825, 828 (262 SE2d 123) (1979).

6. Shortly before the fatal shot was fired, the appellant was observed forcibly removing a female companion from a bar. Over objection, a witness who had been present in the bar was allowed to testify that she had observed a second woman, who followed the appellant and the first woman out of the bar, return screaming, "he had a gun." Similarly, a second witness who had been present in the bar was allowed to testify that the second woman had said, "He's got a gun. He's going to kill her." There was evidence that the victim's death occurred when he left the bar immediately thereafter to confront the appellant.

"Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. The testimony complained of was clearly admissible under this exception to the hearsay rule.

7. The appellant contends that the state was improperly allowed to impeach one of its own witnesses with evidence of a prior contradictory statement, without a showing of entrapment. There is no

longer any requirement to show surprise before a party is allowed to impeach its own witness. See *Davis v. State*, 249 Ga. 309 (290 SE2d 273) (1982).

8. "A trial court's findings as to factual determinations and credibility relating to the admission of in-custody statements will be upheld on appeal unless clearly erroneous. See generally *Gates v. State*, 244 Ga. 587, 590 (261 SE2d 349) (1979)." *Stephens v. State*, 170 Ga. App. 342, 343 (317 SE2d 627) (1984). In this case, the trial court's determination that the appellant's pretrial statement was freely and voluntarily made is amply supported by the evidence, and it follows that the court did not err in admitting the statement.

9. The appellant contends that the trial court's charge on intent was burden-shifting within the meaning of *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985). The instruction in question follows the model appearing in the Suggested Pattern Jury Instructions for Criminal Cases prepared by the Council of Superior Court Judges (1984 ed.). Because the phrase "rebuttable inference" is employed throughout the charge, rather than the term "rebuttable presumption," and because it is made clear that any inferences as to the appellant's intent which might be drawn from his actions were permissive only, it follows that the charge was not unconstitutionally burden-shifting. Accord *Peters v. State*, 175 Ga. App. 463 (2) (333 SE2d 436) (1985).

10. The appellant's remaining enumerations of error have been carefully considered and have been determined to be without merit.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, Benham, and Beasley, JJ., concur.*

DECIDED FEBRUARY 10, 1986 —

*E. Marcus Davis, Howard J. Manchel*, for appellant.

*Robert E. Wilson, District Attorney, Nelly F. Withers, Thomas S. Clegg, Madeline S. Griffin, Assistant District Attorneys*, for appellee.