75107. WILLIAMSON v. THE STATE.
(367 SE2d 863)

McMURRAY, Presiding Judge.

Defendant was indicted for the offenses of rape and two counts of aggravated sodomy. The jury returned a verdict of guilty of rape and guilty of two counts of simple battery. Defendant appeals. *Held:*

1. The State's evidence shows that the victim got off work at 1:00 p.m. and traveled on the "MARTA" train to the downtown Five Points Station. During the course of this journey the victim met an individual who introduced himself as Tony Johns. Tony Johns persuaded the victim to accompany him to an apartment near the "West Lake MARTA" station. At the apartment the defendant answered the door and the three sat down at the dining room table. Thereafter, Tony Johns stated to the victim that he wanted to discuss something with her privately in the back of the apartment. The victim voluntarily accompanied Tony Johns to a bedroom. When the victim attempted to leave Tony Johns pushed her down on the bed. Tony Johns called the defendant into the bedroom and told defendant to look through the victim's purse and jacket for weapons, and to take any money that she had. Tony Johns then told defendant to go get them something to drink. While defendant was gone Tony Johns forcibly removed the victim's pants, threatened her with a knife and had her remove the remainder of her clothes. Subsequently, Tony Johns, defendant and two other males had various sexual contacts with the victim.

Defendant's first enumeration of error raises the sufficiency of the evidence of rape. Force is an essential element of rape. *Henning v. State,* 153 Ga. App. 465 (265 SE2d 372). Defendant argues that there

is no evidence of the use of force by defendant, or any evidence that he had knowledge of any use of force.

Contrary to defendant's assertion, the victim testified as to pleading with defendant to release her, that defendant refused to do so and continued having vaginal intercourse with her. We find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of defendant's guilt beyond a reasonable doubt of the offense of rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny defendant's motion for directed verdict of acquittal as to the offense of rape. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436).

2. Outside the presence of the jury, an Atlanta police detective testified that defendant was chosen by the victim from a photographic lineup. The officer identified a State's exhibit as the photographic lineup from which the victim had identified the defendant. On cross-examination it was established that the photograph of defendant in the State's exhibit had been taken after the time of the photographic lineup. The officer then stated that the exhibit did not contain the correct photograph. The State withdrew the exhibit and the trial court ruled that no evidence in regard to or reference to the photographic lineup would be presented before the jury. Defendant contends the trial court's ruling prohibiting reference to the photographic lineup impermissibly curtailed his cross-examination of the witness.

"(OCGA § 24-9-64 (Code Ann. § 38-1705) provides in part: 'The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him. . . .' The U. S. Supreme Court has argued that great latitude be allowed in cross-examination because it is 'one of the safeguards essential to a fair trial.' *Alford v. United States*, 282 U. S. 687, 692 (51 SC 218, 75 LE 624). However, the scope of cross-examination is not unlimited. 'The extent necessarily must rest largely within the discretion of the trial judge in order to keep the questioning within reasonable bounds. It is error only when this discretionary authority is abused. (Cits.) The extent of cross-examination can be curtailed if the inquiry is not relevant nor material. (Cits.)' *Geiger v. State*, 129 Ga. App. 488, 496 (199 SE2d 861)." *Harris v. State*, 168 Ga. App. 159, 160 (2) (308 SE2d 406). In the case sub judice, the trial court acted appropriately and within the court's discretion in limiting cross-examination. See also *Samuels v. State*, 174 Ga. App. 684, 685 (2) (331 SE2d 62).

3. The State introduced a statement of defendant made shortly after his arrest. The defendant testified and was thoroughly cross-examined. Relying on *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661), defendant requested the charge: "A prior consistent out-of-court statement of a witness is substantive evidence of the matter as-

serted." Defendant enumerates as error the trial court's refusal to give the requested charge.

While the requested charge may be a correct statement of law, its inclusion in the charge given the jury was not required because the substance of the requested charge was adequately covered in the charge given. *Amerson v. State*, 177 Ga. App. 97, 100 (4) (338 SE2d 528).

4. Finally, defendant contends the trial court erred in charging the jury: "If the actual sexual intercourse took place or occurred in a continuing state of circumstances involving force or threats of bodily harm sufficient to create force and the male actually had intercourse with the female in that set of circumstances and he as a reasonable person knew of this ongoing situation and as an or as a reasonable person should have known of the ongoing situation and the force or threats of force involved he would be chargeable with the use of force." This language is a portion of a charge given in response to inquiries by the jury. Defendant contends the State was thereby relieved of its absolute burden of persuasion as to the essential element of force.

In considering this enumeration concerning the quoted portion of the trial court's charge we set forth that portion of the trial court's charge immediately preceding the portion quoted by defendant. The court charged: "Now, force is a necessary element of the crime of rape. Force may be exercised or brought into play either by actual physical contact or physical hurt or physical harm or some other form of physical violence. Force may also be brought into play or created by the use of threats of serious bodily harm which are sufficient to overpower the will of the female and cause her to yield because of her fear of serious bodily harm or threats. Now, any consent or yielding by a female which is brought about by force or by fear of serious bodily injury or harm would not be that consent which would prevent the intercourse from being rape. Now, the court further instructs you if at the time an alleged perpetrator of rape, or stated a little differently, if at the time the male involved had knowledge of force which was brought into existence against the female, if the male involved in the actual alleged rape had knowledge of force prior to the actual contact having been brought into play or having been exerted upon the female either by actual physical contact or such as to intimidate her and cause her to yield because of fear of harm and the sexual intercourse took place in that situation and the male involved had knowledge of the fact that this force had been exercised upon the female, either actually physically or by threats of harm sufficient to destroy her will or ability to resist, at this time would constitute the crime of rape. In the court's understanding of the law. [sic.] If the intercourse by the male actually involved occurred at a time when the male had

no knowledge whatever of the force and it was not in a set of circumstances that would cause that male as a reasonable person to be aware of the force then in the court's opinion the male actually involved would not be chargeable with the use of force."

Defendant argues that the complained of charge relieved the State of its absolute burden of persuasion as to the essential element of force.

As previously stated in Division 1, force is an essential element of rape. OCGA § 16-6-1. *Henning v. State*, 153 Ga. App. 465, supra. The State must prove every element of a criminal offense beyond a reasonable doubt, and is prohibited from utilizing evidentiary presumptions in a jury charge which relieve the State of its burden of persuasion as to each element of a crime. *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39); *In the Matter of Winship*, 397 U. S. 358 (90 SC 1068, 25 LE2d 368); *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344); *Morissette v. United States* 342 U. S. 246 (72 SC 240, 96 LE 288). We do not feel that the portion of the charge at issue in the case sub judice creates a conclusive and mandatory presumption which would relieve the State of the burden of persuasion on the element of force as contended by the defendant. When considering this excerpt, the charge as a whole must be considered. See *Hawes v. State*, 240 Ga. 327, 333 (8) (240 SE2d 833); *Collier v. State*, 244 Ga. 553, 562 (4) (261 SE2d 364); *Worth v. State*, 179 Ga. App. 207, 209 (3), 210 (346 SE2d 82). Consequently, we do not believe that the excerpt from the charge furnishes any cause for a new trial.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MARCH 17, 1988 —
REHEARING DENIED MARCH 30, 1988 — 

*Joe A. Weeks*, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, H. Allen Moye, Deborah W. Espy, Assistant District Attorneys*, for appellee.