A07A0734. SLADE v. THE STATE.
(651 SE2d 352)

ADAMS, Judge.
 Grady Levon Slade, Jr. was convicted by a jury of three counts of aggravated sodomy, two counts of aggravated child molestation, and two counts of child molestation arising out of various acts involving R. R. F., his wife's grandson. After the trial judge merged three of the counts for sentencing purposes, Slade was sentenced to a total of 30 years to serve. Slade now appeals his conviction on a number of evidentiary grounds and on the ground that he received ineffective assistance of counsel.
 1. At trial, the State presented similar transaction evidence of earlier incidents of reported abuse involving Slade's son, when the son was around ten years old. Slade was never prosecuted in connection with those incidents. The State presented testimony from the son, the son's mother and Becky Haley, a child protective services worker, concerning the reported abuse. The State also showed the jury a videotaped interview with the son when he was ten years old. At the time of the trial, Slade's son was 19 years old. Slade contends that the mother's testimony and the videotape were inadmissible hearsay. He argues that the admission of such evidence was error because the Child Hearsay Statute, OCGA § 24-3-16, should not apply where a former child victim is an adult at the time of trial. But Slade raised no contemporaneous objection to this evidence, and thus failed to preserve this argument for appeal. *Nelson v. State*, 279 Ga. App. 859, 864 (1) (b) (632 SE2d 749) (2006).
 We acknowledge that Slade's attorney made some reference to an objection to child hearsay before the trial began. The State announced in a pretrial motion hearing that it intended to rely upon the Child Hearsay Statute but noted that "the child" was available and present at the hearing. It is unclear from this statement whether the

prosecutor was referring to the child victim, Slade's 19-year-old son, or both. Slade's attorney replied:

> We would be objecting officially for the record but we understand that because the child is present, the court would overrule that objection, typically allow the testimony to be entered. As long as the child is, in fact, — or does, in fact, remain available, we don't anticipate that would be a problem. It's my understanding the child will be called. If not, we will be requesting that the court call the child.

But it is well settled that

> a general objection is too vague and indefinite to present any question for decision either by the trial court or by the appellate courts. To preserve a ground for error, the objecting party must state the specific ground upon which the objection is based; the objecting party must do more than merely state that he objects.

(Punctuation and footnote omitted.) *Maxwell v. State*, 267 Ga. App. 227, 229 (2) (599 SE2d 228) (2004). No reference was ever made to an objection based upon the age of Slade's son, and we do not view his attorney's generalized pre-trial objection as sufficient to notify the trial court of the legal ground at issue here "so that its applicability could be measured and error avoided." Id. In any event, Slade's attorney sought no ruling from the court on such an objection.

Even if Slade's attorney had objected to the evidence, however, we find no error. "The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion." (Citation, punctuation and footnote omitted.) *Phillips v. State*, 284 Ga. App. 224, 227 (1) (b) (644 SE2d 153) (2007). And this Court has held that "[i]t is plain from the face of that statute that the age of the child at the time the witness testifies is irrelevant as long as the child's statement about which the witness testifies was made while the child was under 14 years of age." *Greer v. State*, 201 Ga. App. 775, 776-777 (4) (412 SE2d 843) (1991) (statute applied to statements by seven-year-old victim who was fifteen at time of trial). See also *Darden v. State*, 206 Ga. App. 400, 401 (1) (425 SE2d 409) (1992) (statute applied to statements of 13-year-old victim, who was 14 at trial). Compare *Foster v. State*, 216 Ga. App. 26, 28 (2) (453 SE2d 482) (1994) (Child Hearsay Statute applies to child whose chronological age, not mental age, was under 14 years at time of statement). Slade's son was ten at the time he

made the statements at issue, and thus they fall within the provisions of the Child Hearsay Statute. We see no reason to alter the application of the statute in this case simply because the witness was 19 years old at the time of trial.

2. Slade next asserts that the trial court abused its discretion in excluding evidence about the demeanor of R. R. F., the victim in this case, during the time of his reported incidents of abuse. "The defendant in a child molestation case is entitled to a thorough and sifting cross-examination of the State's witnesses. However, the scope of cross-examination is within the sound discretion of the trial court and will not cause reversal unless the discretion is abused." (Citations and punctuation omitted.) *In the Interest of M. G.*, 239 Ga. App. 787, 788 (521 SE2d 918) (1999).

Slade's wife, Billie Slade, testified that her grandson R. R. F.'s behavior and mannerisms changed "towards everybody" at that time, especially when he came from his other grandmother's house. But when Slade's trial counsel asked her what she noticed with respect to the changes, the State objected stating, "I would object, your honor. He's going into specific instances of conduct. That would be improper."[1] The trial court sustained the objection.

Slade contends that this ruling denied him the right to thoroughly cross-examine Billie Slade because he was unable to question her further about the changes in R. R. F.'s behavior. He asserts on appeal that this deprived him of his right to test the child's credibility or to explore the possibility that the child could have been influenced by others, presumably the child's other grandmother, into making the allegations. But the State is correct that Slade never argued these issues to the trial court in response to the objection. Instead, he continued his cross-examination of Billie Slade on other issues. The trial court, therefore, never had the opportunity to consider these arguments in ruling upon the objection.

Accordingly, we must agree with the State that Slade abandoned this argument at trial and acquiesced in the trial court's ruling. While there was no requirement that Slade make a formal exception to the ruling, he was required to voice his position with regard to the ruling after it was made in order to preserve the issue for appeal. *Plaza Properties v. Prime Business Investments*, 273 Ga. 97, 102 (538 SE2d

---

[1] The exact basis for this objection is unclear from the record, as evidenced by the fact that the State has asserted differing grounds on appeal to support it. In its original appellate brief, the State asserted that it had objected to the relevance of the evidence solicited, because the victim's mannerisms and specific instances of conduct toward "everybody" were not relevant. In its motion for reconsideration, the State apparently is asserting that its objection was supportable to the extent that the question sought to solicit evidence of specific instances of bad character in order to impeach the victim.

51) (2000); *Stone v. State*, 177 Ga. App. 750, 752 (4) (341 SE2d 280) (1986). By arguing the issue on the record, both the trial court and this Court would have had the opportunity to consider whether the evidence he sought with his questioning was admissible. Instead, we are left with a record that does not clearly state what evidence was sought or what evidence was excluded.[2]

Although we agree with Slade that he would have been entitled to explore the issue of potential bias or improper influence, he failed to inform the trial court that he was seeking such evidence through the line of questioning at issue. Thus while it certainly would have been error for a trial court to prevent a defendant from seeking relevant evidence of bias, no such error occurs where, as here, a defendant acquiesces in the trial court's ruling or abandons an argument at trial. *McGee v. State*, 205 Ga. App. 722, 724 (5) (423 SE2d 666) (1992); *Jordan v. State*, 172 Ga. App. 96, 97 (2) (322 SE2d 106) (1984).

3. Slade also contends that the trial court abused its discretion in limiting his cross-examination of Becky Haley, the child protective services worker involved with his son's case. Slade attempted to question Haley about whether in deciding to place a child in a particular home, the Department of Family and Children Services (DFACS) considered the criminal background of those residing in the home. The State objected to the question on the ground of relevancy. Slade's attorney explained that he wanted to show that DFACS allowed R. R. F. to be placed in Slade's home even though he had previously been charged with child molestation. He argued the evidence went to the issue of Slade's credibility because the State had determined that he was an appropriate individual to host children in his home. After an extensive discussion, the trial court sustained the State's objection stating that DFACS's placement procedures and decisions had no relevance to the issue of whether Slade had committed the crimes charged.

"The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Punctuation and footnote omitted.) *Brown v. State*, 280 Ga. App. 884, 887 (1) (635 SE2d 240) (2006). We find no abuse of discretion. While this line of questioning may have addressed the actions of DFACS employees, it had no bearing on the issue of whether Slade committed the acts of which he was accused.

---

[2] We note, however, that the trial court could have properly sustained an objection to any attempt by Slade to elicit specific instances of misconduct in order to impeach the victim, as the State contends. See *Curtis v. State*, 282 Ga. App. 322, 326 (3) (a) (638 SE2d 773) (2006).

4. Slade also argues that a remand is necessary to develop a record on his claim that his trial counsel rendered ineffective assistance in the trial below. But "it is not necessary to remand an appeal when the appellate court can determine from the record whether the appellant has satisfied the test to establish ineffective assistance of counsel." (Citations omitted.) *Hunter v. State*, 281 Ga. 693, 697 (7) (642 SE2d 668) (2007). Under this test, Slade "must prove that counsel's performance was deficient and that this deficient performance prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency." (Punctuation and footnotes omitted.) *Lawson v. State*, 280 Ga. App. 870, 872 (2) (635 SE2d 259) (2006).

Slade asserts that his trial counsel was ineffective in failing to object to (1) the use of child hearsay in connection with the similar transaction involving Slade's son and (2) purported bolstering by two witnesses who testified that they told the victim to tell the truth. We have already determined in Division 1 that no error occurred in the use of child hearsay in connection with the incidents involving Slade's son, so a remand is not necessary in connection with that argument.

With regard to the second argument, Slade contends that his trial counsel should have objected when the child advocate and R. R. F.'s other grandmother testified that they told the child to tell the truth. Slade is correct that "under no circumstance may a witness's credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth." (Punctuation and footnote omitted.) *Berman v. State*, 279 Ga. App. 867, 870 (3) (632 SE2d 757) (2006). But the statements at issue merely consisted of the witnesses' instructions to the victim regarding the need to tell the truth. Such statements do not constitute an opinion by the witnesses as to whether the victim was, in fact, truthful. Id. Accordingly, no remand is necessary to address Slade's claims of ineffective assistance of counsel.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 31, 2007 — ▮▮▮▮▮▮▮▮

*Todd M. Johnson*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.