*Q. Bird,* for appellee.

## 48844. RICHARDS v. THE STATE.

EVANS, Judge.

The defendant was convicted of the offense of perjury. Motion for new trial on the general grounds only was filed on the 11th day of October, 1971, and set down for hearing on the 3rd day of December, 1971. Thereafter, the hearing was continued four times because the court reporter had not completed the transcript. It was thereafter twice continued by agreement of the parties. The transcript was prepared on March 9, 1972. The last continuance was until the 23rd day of June, 1972. *On the 17th day of August, 1973,* the court issued an order stating that the case had been continued until June 23, 1972, and as no further continuance had been granted; the motion is dismissed. Defendant appeals. *Held:*

1. Generally, a notice of a hearing of a motion for new trial should be given. See Code §§ 24-2618, 24-2619; *Flury v. State,* 102 Ga. App. 393 (116 SE2d 346). But the present case was dismissed during the August term after the passage of seven terms of court, and no notice was required to be given movant as was required in the *Flury* case, which was heard *in vacation* without notice before the next term but after the date of the hearing of the motion for new trial had passed. That case is not applicable. Where a motion for new trial is not heard on the day appointed, and no order is taken extending the time, such motion is returned by operation of law to the court to be called up in its order. *Helmly v. Davis,* 111 Ga. 860 (36 SE 927), and cases cited. The courts of this state have power to call and hear, during a regular term, any matter pending therein, and "this without notice to anybody." *McPhail v. State,* 116 Ga. 599 (1), 601 (42 SE 1001). The trial court did not lack jurisdiction to dismiss this stale motion for new trial, for lack of prosecution. The passage of at least seven terms of court without prosecution clearly shows abandonment. See *Munn v. Kelliam,* 228 Ga. 395 (185 SE2d 766). There is no merit in this enumeration of error.

2. The clerk of the recorder's court testified he administered an oath to the defendant in a speeding case against Mrs. Joyce Ann Romo on June 5, 1971, as charged in the indictment, under the direction of Judge E. Murrah, judge pro tem of said court; and the defendant testified, *under oath,* that Mrs. Romo was speeding on a certain date and time in the City of Columbus, Georgia. As it was clearly shown that the clerk administered the oath under the direction of the recorder, the contention that the clerk had no authority to administer the oath is completely without foundation. Every court has power to administer oaths. Code § 24-104 (5). Police recorders and judges of recorders' courts have the same powers and authorities as ex officio justices of the peace in criminal cases. Code Ann. § 69-705 (Ga. L. 1935, p. 458). Among the general powers of justices of the peace is to administer oaths. Code § 24-601 (5). Further, when the reading of the oath by another person is in the presence of the court, the competency of the person reading the oath is immaterial. *Taylor v. State,* 59 Ga. App. 1 (5), 5 (200 SE 237). Defendant fails to show that no lawful oath was administered. This enumeration is not meritorious.

3. A defense which defendant sought to make was that he believed he was testifying truthfully, regardless of whether his testimony was actually false. This constitutes an absolute defense. *Carroll v. Morrison,* 224 Ga. 277 (161 SE2d 269), and cases cited at page 278. In an effort to prove this defense, defendant sought to prove his fellow officer, White, had mistakenly written defendant's name on a number of tickets in Officer White's ticket book, including the traffic ticket against Mrs. Romo; and that such mistake of White (who was alone when he made the traffic charge against Mrs. Romo) induced defendant to believe in fact that Mrs. Romo was one of the parties against whom defendant had made a traffic charge. Officer White was later relieved of duty with the police department and placed the ticket book in the hands of defendant to use in court.

An objection was made to an answer of witness White as to what the officer did while out patrolling. The court sustained the objection, holding that what they "usually do has no bearing," and adding that "the

question is whether he swore that he clocked this lady from his independent knowledge or not." But, as is set forth in Code Ann. § 26-2401 (New Criminal Code), there are two elements required in order to prove one guilty of perjury, to wit, that the testimony was false and that defendant "knowingly and wilfully makes a false statement." However, no exception was made to this ruling.

Thereupon, defense counsel requested of the court that he be allowed to ask the witness as to "the way they handled things on the 25th and 26th day of May," the day before the ticket was written against Mrs. Romo on the 27th. Objection was made and sustained. This deprived defendant of submitting to the jury information showing the modus operandi of these police officers. The question was relevant, and counsel was entitled to elicit this information from the defendant. Of course, the jury might still have believed the defendant intended to swear falsely, even if this testimony had been allowed, but defendant was entitled to have all relevant testimony in evidence to support his defense that he mistakenly believed his testimony in recorder's court was true as he testified against Mrs. Romo. The court erred in excluding this testimony.

4. Defendant offered in evidence the entire ticket book which had been turned over to him by Officer White, because it contained a copy of the charge made against Mrs. Romo; and also showed copies of tickets just ahead of and just after that of Mrs. Romo, signed by both officers. The trial court would not permit the introduction of the entire book, or any of the traffic tickets, except the one against Mrs. Romo, contending they were not relevant, and to which defense counsel answered, "All right."

During the trial of a case in court colloquy between the court and counsel is quite necessary. In our state courts, contrary to the former practice in some Federal courts (see New Rule 51, Federal Rules of Criminal Procedure), counsel is not required to except orally to each adverse ruling at the time it is made. As to sustaining or overruling objections to evidence, the losing party may wait until the termination of the trial and urge

such rulings as error in his amended motion for new trial, or in his enumerations of error on appeal. When the trial judge tells one of counsel, "I overrule your objection," and counsel replies, "All right," this is nothing more nor less than a polite statement by counsel that he acknowledges the court's ruling and his authority as judge to make the ruling, *but does not mean that he agrees to the correctness of the ruling*. State contends here that the statement "all right" amounted to acquiescence in the correctness of the ruling, and cites *Bennett v. Southern R. Co.*, 117 Ga. App. 414 (160 SE2d 677). But the *Bennett* case recites, "and plaintiff's counsel acquiesced in the ruling," but does not show what method of acquiescence was used. If counsel had only said "all right" in response to a ruling, that would not have amounted to acquiescence.

5. The court deprived defendant of a valuable defense in refusing to allow in evidence testimony and documents, including the entire ticket book, which would have shown the modus operandi, and how the tickets were made out, not only in this case but in other cases, including those made on the 25th, 26th and 27th of May, and all of which would have supported defendant's contention that his fellow officer erroneously wrote the defendant's name in this book on the 25th or 26th on a ticket not issued to Mrs. Romo until the 27th, when defendant was not riding with Officer White. All of these tickets immediately before and after the Romo ticket in the ticket book would have greatly aided the jury in understanding this matter and in deciding whether or not defendant *believed* he was testifying truthfully, even though in fact he was testifying falsely against Mrs. Romo.

6. For the reasons stated in Divisions 3 and 5, a new trial will be required.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

Argued January 10, 1974 — Decided March 7, 1974 — Rehearing denied March 21, 1974.

*Elkins & Flournoy, James A. Elkins, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.