A91A0340. FORD v. THE STATE.
(408 SE2d 166)

CARLEY, Judge.

Appellant was indicted for two counts of selling cocaine and one count of selling marijuana. The case was called for jury trial and, during voir dire, his counsel attempted to ask the following question: "[D]o any of you have a relative or close friend who's ever had a drug or alcohol problem?" The trial court, sua sponte, ruled that this question could not be asked. Appellant's counsel did not except to this ruling but thanked the trial court and moved on. The jury returned verdicts of guilt and appellant appeals from the judgments of conviction and sentences entered thereon by the trial court.

The sole enumeration of error relates to the trial court's refusal to allow the above-quoted question to be asked on voir dire. In so refusing, the trial court erred. "Although on voir dire, the trial judge has discretion to determine which questions are impermissible, [cit.], the failure of the trial court in the instant case to permit appellant's counsel to ask the above stated [question] was an abuse of its discretion." *Craig v. State,* 165 Ga. App. 156 (1) (299 SE2d 745) (1983). Accordingly, the disposition of the instant appeal is ultimately dependent upon whether the right to assert the trial court's sua sponte ruling as error was preserved for appellate review.

If the State had objected to the question and the trial court had sustained that objection, appellant would *not* have been required to make any *subsequent* exception to the trial court's ruling so as to preserve the right to enumerate that ruling as error on appeal. "There is, of course, no longer any requirement in Georgia that counsel except to an adverse ruling by the trial court in order to preserve the issue for appeal. [Cits.]" *Stone v. State,* 177 Ga. App. 750, 752 (4) (341 SE2d 280) (1986). See also *Richards v. State,* 131 Ga. App. 362, 364 (4) (206 SE2d 93) (1974). In the instant case, the adverse ruling was not prompted by the State's objection. The trial court, in effect, interposed and sustained its own objection to the question. However, there is no reason in law or logic for holding that a subsequent exception would *not* be necessary when the adverse ruling was prompted by the State's objection, but *would* be necessary when the adverse ruling was made by the trial court sua sponte. In either event, the issue has

clearly been raised below and a ruling thereon has clearly been rendered.

It is true that a ruling by the trial court must be *invoked* and that an appellant may not, therefore, enumerate as error the trial court's *failure* to make a sua sponte ruling. See generally *Sanders v. State*, 181 Ga. App. 117, 120 (2) (351 SE2d 666) (1986) (holding that it is not error to fail to grant a mistrial where there is acquiescence in the trial court's giving of curative instructions and the motion for mistrial is not thereafter renewed). However, the asserted error in the instant case is not in the failure of the trial court to have rendered a sua sponte ruling in favor of appellant, but in the trial court's actual rendering of a sua sponte ruling against appellant. Compare *Sanders v. State*, supra. Where, as here, the trial court *does* make such a sua sponte ruling, an appellant is *not* required to attempt to have the trial court *reconsider* its adverse ruling as a condition precedent to enumerating that sua sponte ruling as error on appeal. Likewise, the fact that appellant's counsel thanked the trial court for its erroneous sua sponte ruling was "nothing more nor less than a polite statement by counsel that he acknowledge[d] the court's ruling and [its] authority as judge to make the ruling, *but [did not mean that he agree[d] to the correctness of the ruling. . . .* [This did not amount] to acquiescence." (Emphasis in original.) *Richards v. State*, supra at 365 (4).

When it undertakes to rule sua sponte, a trial court is held to no less a standard than when it undertakes to rule on counsel's objections. The trial court's sua sponte ruling in the instant case was erroneous and mandates the grant of a new trial.

*Judgments reversed. Sognier, C. J., Birdsong, P. J., Pope and Andrews, JJ., concur. McMurray, P. J., Banke, P. J., Beasley and Cooper, JJ., dissent.*

BEASLEY, Judge, dissenting.

It is inappropriate on appeal to reach the merits of appellant's claim of a violation of OCGA § 15-12-133. The record shows that following the question, the court sua sponte stated that the question was improper and would not be allowed. Defense counsel lodged no objection whatsoever. In fact, counsel thanked the court and moved on to another question. Defense counsel did not make any protest about the disallowance at any time during the remainder of voir dire, to put the court on notice that defendant disputed the ruling of impropriety. He passively indicated acceptance and made no issue of the court's direction.

"To raise an issue as to error in the conducting of the voir dire, objection must be made in the trial court to preserve the issue for appeal. [Cit.]" *State v. Graham*, 246 Ga. 341, 343 (271 SE2d 627) (1980). Moreover, " '(a) litigant cannot submit to a ruling, acquiesce

in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an (alleged) erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. (Cit.)' [Cit.]" *Sanders v. State*, 181 Ga. App. 117, 120 (2) (351 SE2d 666) (1986).

I am authorized to state that Presiding Judge McMurray, Presiding Judge Banke, and Judge Cooper join in this dissent.

DECIDED JULY 9, 1991.

*Jon Gary Branan*, for appellant.
*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.