### A94A1704. DAVIS v. THE STATE.
(448 SE2d 26)

BLACKBURN, Judge.

William T. Davis appeals his conviction by a jury of aggravated sexual battery, aggravated child molestation, aggravated assault, and burglary. On appeal, Davis asserts the trial court committed several errors which require reversal of his convictions.

1. In his first enumeration of error, Davis contends the trial court erred in permitting testimony of child hearsay statements from two witnesses who questioned the victim. Specifically, Davis argues that the introduction of such statements was erroneous because the witnesses obtained their information through an interpreter, rather than directly from the victim. OCGA § 24-3-16 provides that "[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."

The 11-year-old victim is deaf. Although the witnesses asked the victim questions, the victim's answers were given through an interpreter. The interpreter did not testify at trial. Davis contends the witnesses' knowledge was based on their "interpretation of the interpreter" rather than direct knowledge of the child's statement.

Davis' argument is without merit. The witnesses' knowledge was based on the victim's answers to the witnesses' questions. The statute allows child hearsay testimony from the "person or persons to whom made." Answers communicated through an interpreter are made to the person asking the question, despite the existence of an interpreter. Furthermore, the witnesses' testimony was consistent with the victim's mother, who testified without objection, and the victim's testimony.

2. Davis contends a mistrial was warranted due to a variance in the charge of aggravated child molestation in the indictment and the evidence presented at trial on that charge. The indictment charged Davis with the offense of aggravated child molestation in that "said

accused did forcibly remove the panties of [the victim] and then said accused exposed his sexual organ . . . in the presence of [the victim]."

Davis argued at trial that the acts alleged in the indictment do not constitute aggravated child molestation. The State agreed and requested the court charge on child molestation rather than aggravated child molestation. Davis did not request a mistrial, nor had Davis previously alleged error in the indictment prior to arraignment. The trial court presented the jury with a copy of the indictment in which the word "aggravated" had been removed. Compare *Tibbs v. State*, 211 Ga. App. 250 (1) (438 SE2d 706) (1993).

"Generally, the principle is well established in Georgia that [i]t is immaterial what the offense is called, if the averments of the presentment are such as to describe an offense against the laws of the State. It is not the name given to the bill which characterizes it, but the description in the averments of the indictment. It is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy. *State v. Eubanks*, 239 Ga. 483, 484-485 (238 SE2d 38) (1977)." (Citations and punctuation omitted.) *Rank v. State*, 179 Ga. App. 28 (1) (345 SE2d 75) (1986). In the present case, the State presented evidence of the specific acts alleged in Count 2. Therefore, we find no error.

3. Davis contends the trial court erred in charging the jury on child molestation when the indictment alleged aggravated child molestation. Based upon our discussion in Division 2, we find no error.

4. In his fourth enumeration, Davis contends his conviction of aggravated sexual battery and child molestation merged and that the trial court erred in sentencing him as to each count. Davis' position is without merit.

Count 1 of the indictment charged Davis with aggravated sexual battery by penetrating with a foreign object the sexual organ of the victim. OCGA § 16-6-22.2. Count 2, as amended, charged Davis with child molestation by removing the panties of the victim and exposing his sex organ. " 'Under OCGA § 16-1-6 (1), offenses merge as a matter of fact only if one of them is established by proof of the same or less than all the facts used to prove the other.' [Cit.]" *Ellis v. State*, 211 Ga. App. 605, 609 (440 SE2d 235) (1994). The State produced evidence of each of these separate acts. Neither count alleged actions that were factually or legally contained in the other count. Therefore, the crimes did not merge and the trial court was correct in sentencing Davis on each count.

5. Davis asserts his conviction of aggravated assault and child molestation merged and the trial court erred in sentencing him on each conviction.

Count 3 charged Davis with aggravated assault with the intent to

rape. The State produced evidence that Davis pulled the victim's panties down to her ankles, put his finger in the victim's mouth and in her vagina, and attempted to penetrate her vagina with his penis. The child molestation count required proof that Davis pulled the victim's panties down and exposed his sex organ. This evidence does not merge with Davis' attempt to penetrate the victim's vagina with his sex organ. See Division 4.

6. In his final enumeration of error, Davis contends the trial court erred in refusing to conduct a pre-sentence investigation as provided by OCGA § 17-10-2. The record reveals the trial court indicated that it was ready to receive evidence in mitigation. Davis' counsel replied that he had "none that [he could] present." The court then requested any further argument and counsel declined. Davis was given the opportunity for a pre-sentence investigation and such opportunity was declined. We find no error. See *Willey v. State*, 209 Ga. App. 398 (4) (433 SE2d 674) (1993).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 2, 1994.

*Burkhalter & Stephens, Albert F. Burkhalter, Jr.,* for appellant.
*Stephen F. Lanier, District Attorney, Tambra P. Colston, Fred R. Simpson, Assistant District Attorneys,* for appellee.