A94A2462. PERRY v. THE STATE.
(455 SE2d 607)

SMITH, Judge.

Christopher Kenneth Perry was charged with two counts of aggravated child molestation, OCGA § 16-6-4 (c). The trial court granted Perry's motion for directed verdict as to one of the counts, and a jury convicted Perry of child molestation for the facts alleged in the remaining count. Perry's motion for new trial was denied, and he appeals.

1. In his first enumeration of error, Perry contends the trial court erred in forbidding him sua sponte to examine prospective jurors as

to whether any of them "belong to any social groups or any organizations or clubs, whether you're actively involved in them or you just pay your membership dues to them." We are constrained to agree.

(a) We first address the State's assertion that Perry failed to preserve this issue for appellate review. "Where, as here, the trial court . . . make[s] . . . a sua sponte ruling, an appellant is *not* required to attempt to have the trial court *reconsider* its adverse ruling as a condition precedent to enumerating that sua sponte ruling as error on appeal." *Ford v. State*, 200 Ga. App. 376, 377 (408 SE2d 166) (1991). Perry correctly argues that *Ford* states the law applicable to this case, and the error is therefore subject to appellate review.

(b) On the merits, "OCGA § 15-12-133 gives both the State and the defendant an *absolute right* to examine prospective jurors about 'the relationship or acquaintance of the juror with the parties or counsel therefor . . . *and* religious, social and fraternal connections of the juror.' *Cowan v. State*, 156 Ga. App. 650, 651 (275 SE2d 665) (1980)." (Emphasis supplied.) *Mize v. State*, 190 Ga. App. 166 (378 SE2d 392) (1989). The ability to elicit such information is a "substantial right" granted by statute. *Cowan*, supra.

It is true the trial court did not forbid all questioning of the jurors on their affiliations in "social groups," "organizations," or "clubs,"[1] and it is likewise true the question posed by defense counsel was inartfully framed[2] and may have been unlikely, as asked, to elicit useful information. Even so, however, the presumptive effect of the court's ruling was to abridge Perry's absolute right to seek information regarding a juror's "religious, social, and fraternal connections" of any kind.

OCGA § 15-12-133 is both explicit and general in its terms. In-

---

[1] The trial court's ruling from the bench was as follows: "I'm not going to let you ask that question. It's too broad. If there's some particular group you're interested in, some particular membership, but, you know, if they're members of some riding club, what possible relevance can it have? Now, you can narrow that one down a little bit. You figure out what kind of groups you're interested in and ask them that, but I'm not going to let you ask them are you a member of a group. That's just far too broad. There's no way you can expect to elicit any relevant information out of a question like that." Perry's counsel responded: "I don't mean to be agitating the Court in asking that, but again, as the Court indicated in its last instructions to me, if the question is broader, I'm more likely to get a response than if I pinpoint it." The court replied: "You narrow it down. I'm not going to let you ask that question."

[2] Earlier, defense counsel had asked the jurors, "Have any of you ever been the victim of a sexual abuse case, either as a child or as an adult?" This question apparently was asked without preamble and without any prior request for individual, sequestered voir dire or some other means of eliciting this information with less potential for embarrassing jurors and inhibiting their responses. The trial court, not surprisingly, halted the questioning and, out of the jury's hearing, suggested to defense counsel that he would "find people very reluctant to raise their hand, you know, and make statements about a child molestation" and encouraged him to "rephrase that a little bit." Significantly, though, the trial court also said, with reference to this earlier question, "[I]f you want to ask that question, I'll let you ask it."

deed, it is specific in its generality in establishing that "the religious, social, and fraternal connections of the juror" constitute matters that might "illustrate any interest of [a] juror in the case." Also, " '[i]t should be kept in mind that the larger purpose of (this) Code section is to enable counsel to identify those prospective jurors counsel desires to remove from the panel by use of peremptory strikes as opposed to challenges for cause.' [Cit.]" *Mitchell v. State*, 176 Ga. App. 32, 34 (3) (335 SE2d 150) (1985).

If it were within the trial court's discretion to limit Perry to questions regarding *specific* affiliations that he reasonably anticipated might suggest bias on the part of the prospective juror, we would readily hold that such discretion was not abused. However, applying a plain reading of OCGA § 15-12-133, the trial court exceeded its authority and committed error in preventing Perry from seeking the general information he was entitled to have under that statute.

"Where a defendant in a criminal case has been deprived of his or her rights under OCGA § 15-12-133 to examine prospective jurors on voir dire, the burden is on the State to show that the error was harmless. This holding applies even though the defendant did not exhaust his or her peremptory strikes." (Citations and punctuation omitted.) *Mitchell*, supra. The State does not suggest that the error was harmless in this case. Perry's conviction therefore must be reversed.

2. Perry was charged by indictment with committing "the immoral and indecent act of placing his mouth on the anus of [the victim], a female child under the age of fourteen years, with the intent to satisfy the sexual desires of the accused." The evidence presented at trial was sufficient for a jury to find that Perry did commit this offense beyond a reasonable doubt and that this offense constituted child molestation under OCGA § 16-6-4 (a). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We agree with Perry that since no physical injury was alleged, he could not be convicted of *aggravated* child molestation based on the accusation made against him in the indictment. Although the State erroneously charged Perry under OCGA § 16-6-4 (c), this does not mean, however, that the jury could not properly convict him of child molestation as charged by the trial court. *Davis v. State*, 214 Ga. App. 360, 361 (2) (448 SE2d 26) (1994).[3]

3. Perry's remaining enumerations present no claim of error likely to be repeated upon retrial. We therefore do not address them.

*Judgment reversed. Pope, P. J., concurs. McMurray, P. J., con-*

---

[3] As *Davis* suggests, upon retrial references to "aggravated" child molestation and "16-6-4 (c)" should be removed from the indictment.

*curs in the judgment only.*

DECIDED MARCH 15, 1995.

*Roger L. Curry,* for appellant.

*T. Joseph Campbell, District Attorney, Sharon A. Fox, Assistant District Attorney,* for appellee.