A96A2296. CANNON v. THE STATE.
(477 SE2d 381)

ELDRIDGE, Judge.

Appellant appeals his conviction for aggravated assault following a jury trial. *Held*:

1. In the first enumeration of error, appellant asserts that the evidence presented at trial was insufficient as a matter of law to find him guilty of aggravated assault. OCGA § 16-5-20 (a) defines the crime of assault as when a person "either: (1) [a]ttempts to commit a violent injury to the person of another; or (2) [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." Further, OCGA § 16-5-21 (a) (2) defines aggravated assault as an "assault . . . (2) [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ."

Under *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979), the sufficiency of the evidence is measured by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

In the case sub judice, evidence was introduced that appellant threw an object at the victim's car, pointed a loaded sawed-off shotgun at the victim's head, threatened to kill him, and shot at and hit the car as the victim raced away. Appellant points to evidence that supposedly supports his insufficient evidence argument: testimony by two witnesses, as well as the appellant, that placed appellant inside a friend's home at the time of the incident, and the attempted impeachment of one of the State's witnesses. However, it is solely within the purview of the jury to weigh conflicting evidence and judge the credibility of the witnesses. OCGA § 24-9-80; *Robinson v. State*, 203 Ga. App. 759, 760 (417 SE2d 404) (1992). Looking at the evidence in the light most favorable to the verdict, we hold that there was sufficient evidence for a rational trier of fact to find appellant guilty of the crimes beyond a reasonable doubt.

2. In the second enumeration of error, appellant claims that the trial court erred in instructing the jury on both OCGA § 16-5-20 (a) (1) and (a) (2), alleging that only the "reasonable apprehension" language was included in the indictment. The indictment charged that appellant "did unlawfully make an assault upon the person of [the victim] with a certain sawed-off shotgun, a deadly weapon, by pointing said shotgun at [the victim], by threatening to kill [the victim] and firing said shotgun at the car operated by [the victim], thereby placing [victim] in reasonable apprehension of immediately receiving a violent injury. . . ."

The plain language of the indictment is sufficient to allege that appellant either attempted to commit a violent injury or placed the victim in reasonable apprehension of such injury. See *Jordan v. State*, 214 Ga. App. 598, 601 (448 SE2d 917) (1994); *Davis v. State*, 214 Ga. App. 360 (448 SE2d 26) (1994). Therefore, there was no error in the trial court's charge to the jury on both subsections of OCGA § 16-5-20 (a).

3. Finally, appellant asserts that the trial court erred when it encouraged a juror to continue deliberations after the juror expressed concerns about whether the fact that she worked at the same place as appellant was a conflict; she also mentioned that she was the only "deadlocked" juror, and felt as though she was holding the other jurors back from reaching a verdict. The appellant charges that such encouragement, after an hour of deliberations, constituted improper coercion of the juror.

The test for determining whether a jury instruction is coercive is whether it will "cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors." *McMillan v. State*, 253 Ga. 520, 523 (322 SE2d 278) (1984). There is no evidence of coercion in the case sub judice. The trial court addressed the juror's concerns and suggested that she keep trying to reach a verdict with the other jurors, without inferring that she would be kept indefinitely until a verdict was reached. Compare *Sanders v. State*, 162 Ga. App. 175 (290 SE2d 516) (1982).

Ironically, since this juror was apparently the only juror to believe appellant was not guilty as charged, there may have been reversible error if the trial court had excused the juror from service without legal justification. See *Peek v. Kemp*, 784 F2d 1479 (11th Cir. 1986), cert. denied, 479 U. S. 939 (107 SC 421, 93 LE2d 371) (1986); see also *Wilson v. State*, 220 Ga. App. 487 (469 SE2d 516) (1996). However, there was no error in the trial court's response toward this juror in the case sub judice.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 16, 1996.

*Garcia & Powell, Ralph W. Powell, Jr.*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.