A99A1789. JONES v. THE STATE.
(523 SE2d 73)

BLACKBURN, Presiding Judge.

Following a jury trial, Gerald Eugene Jones appeals his convictions of four counts of child molestation, contending that there was insufficient evidence to support the convictions and that the trial court erred by denying Jones' motion in arrest of judgment and by improperly charging the jury. For the reasons set forth below, we affirm.

1. We have held that:

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Jones] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Barber v. State*, 235 Ga. App. 170 (509 SE2d 93) (1998).

Viewed in the light most favorable to the verdict, Jones' nephew testified that on five or six occasions while he was spending the night at his grandmother's home and sleeping in Jones' room, Jones had reached over, grabbed and rubbed the boy's penis with his hand. On another occasion, Jones touched his penis to the boy's buttocks. The boy further testified that once while riding in a truck with Jones, Jones had reached over and placed his hand on the boy's penis. Another nephew testified that Jones had rubbed the boy's penis; that Jones had put his penis in the boy's buttocks; that Jones put his penis in the boy's mouth; that Jones held the boy's hand to Jones' penis and masturbated. The evidence was ample to authorize the conviction. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jones raises as error the trial court's denial of his motion in arrest of judgment, contending that Count 1 of the seven-count indictment failed to state an essential element of aggravated child molestation. A motion in arrest of judgment is an appropriate remedy,

> [w]hen an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law[,] and, upon the trial, no demurrer to the indictment is interposed and the accused is convicted under the indictment and judgment is entered on the verdict.

(Punctuation omitted.) *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998).

Jones' motion in arrest of judgment was properly denied by the trial court as Count 1 charges Jones with a crime under Georgia law. Count 1 of the indictment attempted to charge Jones with aggravated child molestation, alleging that Jones had "unlawfully perform[ed] an immoral and indecent act which did involve an act of sodomy upon . . . a child under the age of sixteen (16) years, by touching said child's buttocks with his penis." After the conviction, the State conceded that Count 1 failed to allege aggravated child molestation because the allegation that Jones had touched the child's buttocks failed to allege sodomy which must involve the mouth or anus.[1]

---

[1] "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act

Nonetheless, the allegations of Count 1 describe a crime under Georgia law, the offense of child molestation, although calling the offense aggravated child molestation. OCGA § 16-6-4 (a). The State asked the Court to sentence on child molestation instead.

> It is not the name, but the description of the crime, which characterizes the offense charged. . . . An alleged variance between the offense as named or the Code section cited and the allegations specified in the indictment goes only to the form of the indictment. *State v. Eubanks*, 239 Ga. 483, 489 (238 SE2d 38) (1977). Where the accused desires to take exception to the form of an indictment, it is essential that he should do so by a demurrer or motion to quash, made in writing and before entering a pleading to the merits.

(Punctuation omitted.) *Phillips v. State*, 215 Ga. App. 526 (2) (451 SE2d 517) (1994). Jones' challenge to the indictment goes to the form of the indictment and, although not subject to a motion in arrest of judgment, was subject to special demurrer. However, Jones did not assert any defect in the indictment until after his conviction. By failing to object in writing before entering a plea on the merits, Jones waived any claim of error to the form of the indictment. Id.

Moreover, any alleged error is harmless. "It is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy." (Punctuation omitted.) *Davis v. State*, 214 Ga. App. 360 (448 SE2d 26) (1994). Child molestation is, by definition, a lesser included offense of aggravated child molestation, so Jones clearly was on notice of the charges against him. OCGA §§ 16-6-4 (c); 16-1-6 (2). Jones was convicted of child molestation, not aggravated child molestation. Although the jury verdict stated Jones was guilty of aggravated child molestation, the trial court conformed the verdict to the pleadings and the evidence (see OCGA § 17-9-40), and Jones was convicted of and sentenced for the lesser included offense of child molestation.

3. Jones contends that the trial court erroneously charged the jury that

> the uncorroborated testimony of a victim is sufficient to sustain a conviction of the charges of child molestation and/or aggravated child molestation, as contained within the bill of

---

of sodomy." OCGA § 16-6-4 (c). "A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a).

indictment, if the jury finds that testimony is sufficient to convince them of the defendant's guilt beyond a reasonable doubt.

We have previously approved this charge, holding that this "charge, which was coupled with instructions regarding the burden of proof, was an appropriate statement of relevant law to give to the jury." *Mency v. State*, 228 Ga. App. 640, 649 (3) (492 SE2d 692) (1997). We find no error.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 4, 1999 —
RECONSIDERATION DENIED OCTOBER 21, 1999 — 

*N. David Wages*, for appellant.
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.