## S00G0411. PLAZA PROPERTIES, LTD. et al. v. PRIME BUSINESS INVESTMENTS, INC.
### (538 SE2d 51)

SEARS, Justice.

We granted certiorari in this case to consider whether the appellants, Plaza Properties, Ltd. (Plaza) and its sole shareholder, Wayne

Weeks, waived their right to a jury trial by failing to object when the trial court issued an order granting their request for a continuance but conditioning the continuance on the appellants proceeding with a bench trial at the next available non-jury calendar.[1] We conclude that the appellants had a duty to object to this order, and that their failure to do so bars them from asserting on appeal that the trial court improperly denied them a jury trial. Accordingly, we affirm the judgment of the Court of Appeals.

Appellee Prime Business Investments, Inc. ("Prime"), sued the appellants for breach of a business contract. On August 1, 1997, the trial court notified the parties that the case was scheduled for a non-jury trial on September 10, 1997. On September 3, 1997, Plaza and Weeks filed a written demand for a jury trial. Following a hearing on September 9, 1997, the trial court entered an order stating that Plaza and Weeks were not entitled to a jury trial because they filed their demand less than ten days before trial, which violated the trial court's standing order requiring that jury demands be filed at least ten days before trial. In its order, the court also granted a motion for a continuance that the appellants had filed based upon counsel's conflict with another trial. The court continued the case "until the next available non-jury calendar subject to the parties proceeding with this matter at that time without the right to a jury trial."

On October 1, 1997, the parties were notified that their case was scheduled for trial on November 7, 1997. Plaza and Weeks did not object to a bench trial at any time between the initial hearing and the rescheduled trial date two months later. In fact, before the start of trial on November 7, the court asked counsel if there were "any other matters we need to take up before opening statements." Despite this inquiry, the appellants did not raise an objection to proceeding without a jury at that time. Following the bench trial, the trial court entered judgment in favor of Prime, and Plaza and Weeks appealed. The Court of Appeals ruled that Plaza and Weeks waived their right to a jury trial by participating in the bench trial without protest.[2] We then granted certiorari to consider whether the appellants' failure to object when the trial court conditioned the grant of their motion for a continuance on the appellants proceeding with a bench trial barred the appellants from asserting on appeal that the trial court erred in denying them a jury trial.

The appellants assert that, because the trial court expressly denied their demand for a jury trial on September 9, they were under no obligation to make any objections to proceeding with a bench trial,

---

[1] *Plaza Properties, Ltd. v. Prime Business Investments*, 240 Ga. App. 639 (524 SE2d 306) (1999).

[2] *Plaza Properties*, 240 Ga. App. at 639-640.

as any further objection would have been futile. We pretermit the merits of this contention, because we conclude that the relevant ruling of the trial court was the one granting the appellants' motion for a continuance, but conditioning that continuance on the appellants' proceeding with a bench trial at the next available non-jury calendar. In this regard, the trial court denied the initial request for a jury trial based upon the appellants' failure to comply with the court's standing order that a litigant file such a demand at least ten days before trial.[3] Thus, the denial of the appellants' initial demand for jury trial was based upon a rationale — the failure to comply with the ten-day rule — that would not preclude the appellants from filing another demand if the trial court granted the appellants the continuance they had requested. The trial court's ruling on the continuance, which forestalled that future right of the appellants to file another demand for jury trial, was thus a separate and distinct ruling from the ruling on the initial demand for jury trial. The appellants voiced no objection to the trial court attaching the condition in question to their motion for a continuance, and did not raise any objection to not proceeding with a jury trial until appeal. Instead, the appellants accepted the benefit of the part of the trial court's order granting their motion for a continuance, but waited until appeal to voice any objection to the part of the trial court's ruling — proceeding with a non-jury trial — on which the grant of their continuance was conditioned.

We begin our analysis regarding whether the appellants had an obligation to object to the ruling on the continuance with OCGA § 9-11-46 (a). That Code section provides that

[f]ormal exceptions to rulings or orders of the court are unnecessary. For all purposes for which an exception has heretofore been necessary, it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.

OCGA § 9-11-46 (a) dispensed with the unnecessarily formal ritual of excepting to a ruling after a trial court has taken "action contrary to that requested by a party or overrules an objection made by a

---

[3] We note that the propriety of the trial court's problematic standing order is not at issue in this case.

party."[4] It has been stated that Georgia, through OCGA §§ 9-11-46 and 5-6-49, has "abolished the common law's requirement of a 'bill of exceptions,' "[5] and that "[o]nce the trial court has addressed a party's motion or objection and has issued a ruling, the party adversely affected need not then further object or 'except' to the trial court's ruling in order to preserve the issue for appeal."[6] OCGA § 9-11-46, however, still requires a party to object to action taken by the trial court or to inform the trial court of the action the party desires the trial court to take.[7] The purpose is to give the trial court the opportunity to rule correctly and to make a clear and complete record for appellate review.[8] Moreover, § 9-11-46

> does not do away with the acquiescence rule. . . . Notwithstanding the liberal sound of the rule in favor of preserving points for appeal, one cannot stand by and do nothing when the trial court acts contrary to one's rights and expect the appellate court to reach the point. There must be some opposition voiced when there is an opportunity.[9]

Under the acquiescence rule,

> "(a) litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an (alleged) erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. (Cit.)"[10]

Of course, the acquiescence rule only applies if the party objecting to the trial court's ruling on appeal did not voice that objection before the ruling. If the party did object before the ruling, § 9-11-46 relieves the party of having to object once the ruling is made.[11]

This Court has ruled in a number of instances that a party must

---

[4] Wright and Miller, *Federal Practice and Procedure*, Vol. 9A, § 2472 (1995). Accord Gregory, *Georgia Civil Practice*, § 6-11, p. 505 (2nd ed. 1997).

[5] *Davie v. State*, 265 Ga. 800, 802 (463 SE2d 112) (1995).

[6] Id.

[7] Gregory, *Georgia Civil Practice*, § 6-11, p. 505 (2nd ed. 1997). Wright and Miller, *Federal Practice and Procedure*, Vol. 9A, § 2472 (1995).

[8] See Milich, *Georgia Rules of Evidence*, § 3.2, p. 15 (1995); Wright and Miller, *Federal Practice and Procedure*, Vol. 9A, § 2472 (1995).

[9] Gregory, *Georgia Civil Practice*, § 6-11, p. 505 (2nd ed. 1997).

[10] *Sanders v. State*, 181 Ga. App. 117, 120 (2) (351 SE2d 666) (1986) (quoting *Upshaw v. Cooper*, 127 Ga. App. 690, 692 (1) (194 SE2d 618) (1972)).

[11] See *Bolden v. State*, 272 Ga. 1, 2 (525 SE2d 690) (2000).

object to adverse rulings or actions of a trial court when the party has not previously informed the trial court of the action the party desires the trial court to take or has not previously informed the trial court of his objections to the action that the trial court is considering. For example, when a trial court makes a statement or comment that the defendant believes constitutes an improper comment on his guilt or on his right to remain silent, the defendant must voice his objection to the trial court's statement or waive his right to do so on appeal.[12] Similarly, we have held that when a trial court rules that a juror is disqualified, the party opposing the disqualification must object to the trial court's ruling to preserve the issue for appeal.[13] In a case in which the trial court granted a prosecution's witness immunity and required him to testify, we held that the defendant waived his objection to the trial court's action by failing to object.[14] Furthermore, these cases are consistent with the interpretation that federal courts have placed on Federal Rule of Civil Procedure 46, which is identical to OCGA § 9-11-46 (a). In a case like the one now before us, the United States Court of Appeals for the Third Circuit ruled that when a party made a general demand for a jury trial, and the district court subsequently entered an order directing that a specific issue be determined at a bench trial, the party desiring a jury trial on that issue had to file a timely objection to the order to preserve the right to a jury trial.[15]

In contrast to the foregoing cases, the Court of Appeals has held that if a trial court makes a sua sponte ruling, a party has no obligation to object to the ruling to preserve the issue for appeal.[16] In *Ford*, the trial court issued a sua sponte ruling during voir dire that defense counsel could not ask a certain question to the jurors. Defense counsel did not object, "but thanked the trial court and moved on."[17] On appeal, Ford contended that the trial court erred in ruling that he could not ask the jurors the question at issue. Stating

---

[12] See *Waldrip v. State*, 267 Ga. 739, 751 (482 SE2d 299) (1997); *Stephens v. State*, 259 Ga. 820, 821 (388 SE2d 519) (1990).

[13] See *Blankenship v. State*, 258 Ga. 43, 43-44 (365 SE2d 265) (1998).

[14] *Lawton v. State*, 259 Ga. 855 (388 SE2d 691) (1990).

[15] *In re City of Philadelphia Litigation*, 158 F3d 723, 726-727 (3rd Cir. 1998). See also *Krieger v. Fadely*, 211 F3d 134, 135-136 (D.C. Cir. 2000) (when the plaintiff failed to object to an order entered by the district court substituting one defendant for another, the plaintiff waived the right to object to the substitution order on appeal); *Phonometrics v. Northern Telecom*, 133 F3d 1459, 1467-1468 (Fed. Cir. 1998) (appellant failed to object when district court referred an issue to a special master, and thus was barred from raising any objection on appeal to the referral); *Kelley v. Airborne Freight Corp.*, 140 F3d 335, 352 (1st Cir. 1998) (when appellant failed to object to the district court's questioning of witnesses, appellant waived the right to raise the issue on appeal).

[16] *Ford v. State*, 200 Ga. App. 376, 377 (408 SE2d 166) (1991). See *Perry v. State*, 216 Ga. App. 661, 662 (455 SE2d 607) (1995).

[17] *Ford*, 200 Ga. App. at 376.

that " 'there is . . . no longer any requirement in Georgia that counsel except to an adverse ruling by the trial court in order to preserve the issue for appeal,' "[18] the Court of Appeals held that Ford was not procedurally barred from raising that issue on appeal even though he did not object to the trial court's ruling. We conclude, however, that Ford was wrongly decided. Although there is no longer a rule requiring an exception to a trial court's ruling, there is still a requirement, as discussed above, that a party inform a trial court of his objections to the action taken by the trial court. The goal of OCGA § 9-11-46 (a) was to dispense with the formalistic and redundant requirement that a party except to a trial court's ruling when, for example, a party, before the ruling in question, has requested that a trial court take certain action or has lodged a certain objection, and the trial court rules contrary to the party's request or objection.[19] We conclude, however, that if a party has not voiced his or her position with regard to a trial court's ruling before it is made, the party must do so once the court makes the ruling. Accordingly, we overrule the holding in Ford.

Applying the foregoing principles to the present case, we conclude that if the appellants were not content to have the grant of their motion for a continuance conditioned on the appellants proceeding with a bench trial, the appellants had a duty to object and give the trial court the opportunity to correct the alleged error. The appellants certainly were not permitted to take the benefit of the ruling granting them a continuance, take their chances with the non-jury trial, lose it, and then appeal, raising the contention that they are entitled to a new trial because the trial court improperly denied them a jury trial. For these reasons, we conclude that the appellants are barred from now contending that the trial court improperly denied them a jury trial.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 2000.

*Joe A. Weeks*, for appellant.
*Tobin & Hoffspiegel, Thomas W. Tobin, Valerie G. Tobin*, for appellee.

---

[18] *Ford*, 200 Ga. App. at 376 (quoting *Stone v. State*, 177 Ga. App. 750, 752 (4) (341 SE2d 280) (1986)).
[19] See Wright and Miller, *Federal Practice and Procedure*, Vol. 9A, § 2472 (1995). Accord Gregory, *Georgia Civil Practice*, § 6-11, p. 505 (2nd ed. 1997).