S05A0396. FLETCHER v. ELLENBURG et al.
(609 SE2d 337)

THOMPSON, Justice.

In this case involving the construction of a will, the probate court determined that a specific devise of real property which was not owned at the time of death of testatrix is adeemed. We affirm.

In 1961 testatrix Mary M. Hyde acquired a tract of land adjacent to her parents' home. She built a one-story brick house on that property, known as 2383 DeFoors Ferry Road, Atlanta, Georgia ("DeFoors property"). She rented the DeFoors property to others while she continued to live with her mother in the family home. In 1975 her mother passed away, leaving testatrix a life estate in the family home, where testatrix continued to reside. Also in 1975 testatrix executed a will devising the DeFoors property to her niece, appellee Mary Carol Fletcher.

In 1993 testatrix signed a contract to sell the DeFoors property to a developer. Three weeks later she purchased a lot with a one-story brick house at 3460 Pinetree Drive, Smyrna, Georgia ("Pinetree property"), for $90,000, but she continued to reside in her parents' home. The sale of the DeFoors property was not consummated until 1995, and testatrix realized approximately $92,000 from the transaction. At that time she moved into the Pinetree property.

[2] 271 Ga. 686, 691 (523 SE2d 857) (1999).

In 1996 testatrix conveyed her partial interest in another piece of real property in Butts County to appellee Mary Carol Fletcher, although the property had been specifically devised in the 1975 will to Mary Carol's mother, with a remainder to Mary Carol and her siblings.

In 2002 testatrix executed a codicil to her will for the purpose of naming a different co-executor, and amending the residuary clause to delete her deceased siblings as beneficiaries. The original will contained the following residuary clause:

All the rest, residue and remainder of my estate, including specifically all cash, monies in savings accounts, and any stocks or bonds, I give, bequeath and divide equally, share and share alike, to FRANCES ELLENBURG, DOROTHY TUCKER, CAROLYN COOK, JACQUELYN LANDERS AND DALLAS G. HYDE, JR.

The codicil amended the residuary clause as follows:

I hereby amend Item Five of my Last Will and Testament to leave all the rest, residue and remainder of my estate, both real and personal, to my sisters Frances Ellenburg and Jacquelyn Landers in equal shares, per stirpes. If they are not in life, then my estate shall go to Mary Carol Fletcher and Manuel Gordon Cook, per stirpes.

The specific devise of the DeFoors home was not referenced in the codicil.

Testatrix died in 2003. Appellant Richard Fletcher, executor of her estate, petitioned the probate court for a declaratory judgment as to whether the DeFoors home was adeemed pursuant to OCGA § 53-4-66,[1] or whether the Pinetree property should be considered a substitute for the specific devise pursuant to OCGA § 53-4-67.[2] Appellees Frances Ellenburg, Jacquelyn Landers, and Mary Carol Fletcher, all of whom are named as beneficiaries of the residuary of the estate, defended the action.

The probate court found that the DeFoors property was adeemed, that the Pinetree property did not qualify as a substitute for the

---

[1] OCGA § 53-4-66 provides: "Except as provided in Code Section 53-4-67, a specific testamentary gift is adeemed or destroyed, wholly or in part, when the testator for any reason does not own the subject of such gift at death."

[2] OCGA § 53-4-67 (a) provides: "If the testator exchanges property which is the subject of a specific testamentary gift for other property of like character, or merely changes the investment of a fund so given, the testator's intention shall be deemed to be to substitute the one for the other, and the testamentary gift shall not fail."

DeFoors property, and that, therefore, the Pinetree property was to be considered part of the residuary and was to be divided according to the 2002 codicil.

1. Appellant alleges that the probate court erred in finding that a specific devise of the DeFoors property was adeemed pursuant to OCGA § 53-4-66, and in failing to conclude that a substitution should have been made pursuant to OCGA § 53-4-67 (a).

> [I]f the will is otherwise silent, a specific devise is adeemed when, after the execution of said will, the testatrix "conveys" to another the specific property devised unless one of the following four exceptions applies: reacquisition by the testatrix, failure of the conveyance, receipt of like property in exchange for the devised property, and mere change in the investment of a fund.

*Peacock v. Owens*, 244 Ga. 203, 206 (3) (259 SE2d 458) (1979). The only question presented here is whether the Pinetree property should substitute for the DeFoors property devised in the 1975 will.

In *Lang v. Vaughn*, 137 Ga. 671 (74 SE 270) (1912), the testatrix bequeathed a specific parcel of real property to her niece. Testatrix subsequently sold the property and invested the proceeds in stock which she held at the time of her death. Id. at 672. The Court found no substitution and held that the devise was adeemed pursuant to the Code of 1910, §§ 3908 and 3909.[3] Id. at 679. Specifically, the Court noted, testatrix "did not exchange the property bequeathed for other property of like character. She sold real estate and invested a part of the proceeds in personalty. . . . There are no words in the will giving to the legatee not only the realty but the proceeds of any sale of it." Id. at 680.

Following the reasoning in *Lang*, the Court in *Woodall v. First Nat. Bank &c.*, 223 Ga. 688 (3) (157 SE2d 261) (1967) also found an ademption where testator conveyed a specific legacy after executing his will. Testator bequeathed certain stock to his wife. He subsequently sold the stock and invested the proceeds in certificates of deposit and other corporate stocks. Focusing on the required element

---

[3] The language of the earlier Code does not differ significantly from the present versions of OCGA §§ 53-4-66 and 53-4-67. Section 3908 provided, "[a] legacy is adeemed or destroyed, wholly or in part, whenever the testator, after making his will during his life . . . conveys to another the specific property bequeathed, and does not afterward become possessed of the same, or otherwise places it out of the power of the executor to deliver over the legacy." Section 3909 provided, "[i]f the testator exchanges the property bequeathed for other of the like character . . . the law deems the intention to be to substitute the one for the other, and the legacy shall not fail."

of exchange, the Court declined to reach the question of whether the new stocks were of like character to the old.

> Rather, we regard as decisive the more basic fact that here there was no "exchange," but a sale and subsequent purchases. . . . Exchange is the giving of one thing for another; a transfer of property for property or some value other than money. . . . Therefore, we hold that this was not the "exchange" of property bequeathed for other of like character, as contemplated by [the Code].

Id. at 695.

The cases in which this Court has found a substitution involve either a testamentary provision which contemplated conveyance of the gift and provided instructions for the proceeds, or a true exchange of property for property. In *Chandler v. Owen*, 233 Ga. 25 (209 SE2d 618) (1974), a valid substitution was found where the will specifically devised a particular parcel of real property, or the proceeds of its sale, to specific beneficiaries. Testatrix subsequently sold the property and invested the proceeds in a certificate of deposit which she owned until her death. As the Court noted, the specific gift in question was the economic benefit of the real property, as evidenced by the inclusion of the term "proceeds" in the language of the testamentary gift. Id. at 28. The Court distinguished several cases, including *Lang* and *Woodall*, in which substitutions were not found because the testamentary gifts in question did not explicitly include proceeds from the sale of such property. Id. at 27.

A valid substitution was also found in *Thompson v. Mathews*, 226 Ga. 347 (1) (174 SE2d 916) (1970). There, testatrix specifically bequeathed her partial interests in three farms. She subsequently exchanged deeds with her two sisters, who also owned equal partial interests in all three farms, such that each sister ultimately held the entire interest in an individual farm. Because testatrix engaged in an exchange of property of like character, the gifts were not adeemed.

Certainly the properties at issue here appear to be of like character. Both properties consist of approximately one-half acre tracts of land, each containing a one-story brick home of approximately 1,500 square feet. However, the evidence of exchange is not so clear. The purchase of the second property closed over a year before the sale of the bequeathed property closed. The funds from one were not used to purchase the other. The property bequeathed in the will was investment property, while the second property was a residence. Most compellingly however, testatrix here executed a valid codicil

after selling the specific testamentary gift and purchasing the property she owned at death. In none of the substitution cases did the testator attempt to amend the will after conveying the devised property.

The 2002 codicil is silent as to the DeFoors property as well as the Butts County property which testatrix had also conveyed subsequent to the execution of her 1975 will. The 2002 codicil amended the residuary clause to specifically include "real property." The addition of that language in the revised residuary clause, and the failure to refer to two specific bequests of real property which testatrix no longer owned, support the probate court's application of the doctrine of ademption. A trial court's factual findings in a non-jury trial may not be set aside unless clearly erroneous. OCGA § 9-11-52 (a); *Delbello v. Bilyeu*, 274 Ga. 776 (1) (560 SE2d 3) (2002). Where, as here, the findings of the probate court are supported by any evidence, they will not be disturbed on appeal. See id.

2. Appellant also contends that the probate court erred in refusing to permit parol evidence to explain a latent ambiguity in the will. This issue, however, was waived at the final hearing when appellant's counsel sought to introduce the parol evidence, but then expressed agreement with the court when it denied his request.

> [A] litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an alleged erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it.

(Punctuation omitted.) *Plaza Properties v. Prime Business Investments*, 273 Ga. 97, 100 (538 SE2d 51) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 2005.

*Haygood & Pruett, Michael C. Pruett*, for appellant.

*Edwards, Friedewald & Grayson, Robert J. Grayson, Julie D. Schneider*, for appellees.