S08A0491. THE OLD STONE COMPANY I, LLC et al.
v. HUGHES.
(663 SE2d 687)

BENHAM, Justice.

In May 2004, K. Payne Hughes and Old Stone Company I, LLC ("Old Stone") formed Morgan Fields, LLC for the purpose of purchasing property in Morgan County. Hughes loaned Morgan Fields approximately 2.1 million dollars to buy the land and they executed a promissory note and deed to secure the debt on June 2, 2004. The debt was scheduled to come due on May 2, 2007. Morgan Fields failed to repay the debt and the loan defaulted on May 3, 2007. Hughes moved to foreclose the property.

The foreclosure date was changed several times while the parties tried to work out their differences. The last scheduled foreclosure date was August 7, 2007. Prior to that date, Old Stone and Morgan Fields filed an action for a temporary restraining order seeking to stop the foreclosure sale, arguing the property was not properly conveyed and Hughes was violating his fiduciary duties to Morgan Fields. During the TRO hearing on August 6, 2007, Hughes presented a plan to resolve the dispute which involved withdrawing the foreclosure proceedings and extending the expiration of the promissory note to March 1, 2008, thereby allowing Old Stone and Morgan Fields time to sell the property[1] or refinance the debt with another lender. As a condition, Hughes insisted that appellants execute quitclaim deeds for the property which would be held by the court. The deeds would be delivered to Hughes if the property was not sold or refinanced by March 1, 2008.

Upon hearing from counsel of both parties, the trial court issued an order on August 10, 2007, and ordered (1) appellee to withdraw the August 7, 2007 foreclosure proceedings, (2) the parties to execute an amendment to their note extending the loan repayment due date to March 2, 2008, (3) a modification of the deed to secure debt to reflect the existing debt, and (4) appellants to execute deeds conveying their rights, title, and interest in the property to appellee and to deliver the deeds to the clerk. The order further provided that if the property were sold or refinanced by March 1, 2008, the clerk would

---

[1] Old Stone and Morgan Fields had found a potential buyer for the property — Pace Battle Properties, LLC — at a price of $5.8 million such that the sale would cover the debt to Hughes as well as earn the parties a profit.

be required to return the deeds to the new landowner or appellants. If appellees refinanced or otherwise decided to pay off the debt, the clerk would retain the deeds. If a sale or refinancing did not take place by March 1, the order required the clerk to turn the deeds over to Hughes.[2] Appellants now appeal the order insofar as it allows the deeds to be turned over to Hughes. We affirm.

1. On December 10, 2007, the trial court granted a supersedeas to appellants and ordered them to post a supersedeas bond by March 1, 2008. Hughes contends the appeal should be dismissed because appellants failed to post the bond. Failure to obtain a supersedeas will render an appeal moot and require dismissal where a party is seeking injunctive relief. *Jackson v. Bibb County School Dist.*, 271 Ga. 18, 19 (515 SE2d 151) (1999); *Brown v. Spann*, 271 Ga. 495 (520 SE2d 909) (1999). The failure to post a supersedeas bond, however, does not require dismissal of an appeal. *Ervin v. Turner*, 291 Ga. App. 719, 723 (6) (662 SE2d 721) (2008); *Ruskin v. AAF-McQuay, Inc.*, 284 Ga. App. 49, 53 (2) (643 SE2d 333) (2007). Since appellants obtained a supersedeas, their alleged failure to post the bond does not require dismissal of their appeal. Id. Accordingly, appellees' motions to dismiss are denied.

2. Appellants challenge the portion of the August 10, 2007 order which allowed the clerk to issue the deeds to Hughes in the event that a sale or refinancing of the property did not take place. They contend such action violates the Georgia Constitution and is outside the trial court's authority. The August 6, 2007 hearing transcript reveals that appellants never raised any issue of constitutionality and so the trial court never considered it. As such, appellants have failed to preserve that issue for review. *Francis v. Francis*, 279 Ga. 248 (611 SE2d 45) (2005) (party who objected to appointment of doctor on grounds that he did not want to incur expense of a psychological analysis could not later assert on appeal that appointment was erroneous on basis that doctor had previously treated one of the parties).

As for the trial court's authority to fashion the remedy, appellants contend they objected by questioning the trial judge regarding the execution of the deeds. Specifically, during the August 6 hearing, counsel for appellants questioned whether, once they signed the deeds, Hughes would hamper appellants' efforts to procure a sale. When the trial judge asked counsel what was wrong with the property reverting back to Hughes if there was no buyer for it, counsel responded that Hughes had never perfected the original

---

[2] The parties have informed this Court that during the pendency of this appeal, the deeds were delivered to Hughes in accordance with the trial court's August 10, 2007 order.

security deed and that the result would "wipe out any possibility of a bidder coming in and bidding fair market value" and "wip[e] out any equity." The trial court and parties then had the following discussion:

> [Trial Court]: I think the solution is this, to call off the foreclosure tomorrow, extend it to one day past the closing date of this purported contract. In the meanwhile [appellants] could market this property to anybody else [they] wanted to.
>
> [Hughes]: Absolutely.
>
> [Trial Court]: As long as it sold. Of course, if it does not, Mr. Hughes is in no different position than the bank would be. He's got almost two million dollars. Now, what's wrong with that? . . .
>
> [Appellants]: As long as we get the deed into escrow and the Court's holding that deed, have no problem at all with that, Judge.

We have held that objections must be specific such that the objecting party must advise the trial court as to what action it wants taken. *Plaza Properties v. Prime Business Investments*, 273 Ga. 97 (538 SE2d 51) (2000); *Francis v. Francis*, 279 Ga. at 249 ("failure to make an objection which is both timely and specific is treated as a waiver"); *CSX Transp. v. McCord*, 202 Ga. App. 365 (1) (414 SE2d 508) (1991) (party's statement to the court that certain records contained hearsay that needed to be "taken out" was insufficient to create a specific objection and the issue was waived). Here, the point of executing the deeds and delivering them to the clerk with specific instructions regarding their disposition was to relieve the parties from having to return to court if the sale did not take place. If appellants had an alternative theory as to what was to happen, legally or preferably, they needed to articulate that to the trial court and state an objection on the record if the matter was not resolved to their satisfaction. Id. Counsel's mere questioning of the propriety or soundness of executing the deeds was insufficient to alert the trial court that appellants were positing an objection. See *Horan v. Pirkle*, 197 Ga. App. 151 (1) (397 SE2d 734) (1990) (a colloquy between a party and the court does not create a specific objection when the party then acquiesces by silence). A litigant is "required to stand his ground and fight in order to successfully enumerate as error an (alleged) erroneous ruling by the trial judge." *Plaza Properties,* 273 Ga. at 100. Appellants never advised the trial court as to what was preferred or legally required for the clerk to do with the deeds if the property was not sold or refinanced. Having failed to pose a specific

objection regarding this aspect of the court's remedy, appellants' allegations of error are not subject to review on appeal. Id.

3. "A litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same." (Punctuation omitted.) *Plaza Properties*, 273 Ga. at 100. Insofar as appellants benefitted from the trial court's ruling, namely from the withdrawal of the foreclosure proceedings, and acquiesced therein by delivering the signed deeds to the clerk, they are estopped from appealing the trial court's order. Id. at 98-99 (party cannot accept the benefit of a ruling and then complain about a portion of the ruling on appeal); *Fletcher v. Ellenburg*, 279 Ga. 52 (2) (609 SE2d 337) (2005); *Dance v. Smith*, 223 Ga. 328 (1) (155 SE2d 10) (1967). Appellants benefitted from the proceedings on August 6, 2007 and obtained the relief they were requesting when the foreclosure proceedings, set to take place the next day, were withdrawn per the trial court's equitable remedy. Appellants cannot appeal an order their own actions helped procure to their benefit. *Plaza Properties*, 273 Ga. at 98-99 (when court granted party's motion for continuance with condition that the matter be tried outside the presence of a jury and the party failed to object, party waived right to jury trial). Therefore, the appeal is without merit and the trial court's order is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 2008 —
RECONSIDERATION DENIED JULY 25, 2008.

*Ford & Barnhart, James L. Ford, Sr.*, for appellants.
*E. Trenton Brown III, Smith, Welch & Brittain, A. J. Welch, Jr., Andrew J. Gebhardt*, for appellee.